**CANNON OIL & GAS WELL SERVICE, INC., Plaintiff–Appellant,**

v.

**Bruce F. EVERTSON, Defendant–Appellee.**

No. 85–1594.

United States Court of Appeals, Tenth Circuit.

Dec. 24, 1987.

Richard P. Boley and J. Kent Rutledge, of Lathrop & Uchner, P.C., Cheyenne, Wyo., for plaintiff-appellant.

W. Perry Dray and Gregory C. Dyekman, of Dray, Madison & Thomson, P.C., of Cheyenne, Wyo., for defendant-appellee.

Before BARRETT, TACHA, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

This is a diversity action for damages initially brought by two Wyoming corporations against Bruce Evertson, a former officer, director, and shareholder of those corporations. After this suit began, the plaintiff corporations merged to form Cannon Oil & Gas Well Service, Inc. (Cannon Oil). Cannon Oil alleges that Evertson breached his fiduciary duties to the predecessor corporations and derived personal benefit to their detriment. Applying Wyoming law, the United States District Court for the District of Wyoming entered a judgment in favor of Evertson upon a jury verdict with special interrogatories. Cannon Oil appeals from that judgment, as well as from the court's denial of its motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial. For the reasons set forth below, we affirm the judgment of the trial court.*

## I.

The parties offer sharply conflicting versions of the facts surrounding this dispute. We review the facts in the light most favorable to the party prevailing at trial. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.*, 571 F.2d 1144, 1149 (10th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978). With that standard as our guide, we summarize the essential facts.

The genesis of this dispute lies in the formation of a corporation by Evertson and Reed Gilmore in Nebraska in 1974. The corporation, Evertson Well Service, Inc. ("Nebraska"), had five shareholders, but Gilmore and Evertson were the company's active managers. The corporation achieved success in the Kimball, Nebraska area. In 1976, to obtain additional financing ability for expansion into Wyoming, Evertson and Gilmore formed a second corporation, Evertson Well Service–Wyoming ("Wyoming"). Evertson served as vice president and chief executive officer of both corporations. Both were very profitable from 1976 through 1978.

Expansion prospects in Wyoming appeared bright in 1978, but because some of the "Wyoming" shareholders did not want to invest further in oil well servicing equipment, Evertson and one of the other "Wyoming" shareholders, Robert Cannon (who was Evertson's close friend and brother-in-law) formed Evertson Oil & Gas Well Service, Inc. (Evertson Oil & Gas) to take advantage of those opportunities. Cannon and Evertson each owned forty-five percent of the corporation's shares, while Larry Halstead and Dan Matthews each owned five percent. Evertson was the chief executive officer; he and Cannon served as the corporation's only directors. The funds obtained for the corporation's initial capitalization were insufficient to purchase all the equipment that it needed to function fully. Evertson decided, therefore, to form Evertson Oil Field Rental, Inc. (Rental), which would purchase the equipment that Evertson Oil & Gas lacked. He was Rental's sole shareholder. After its formation, Rental provided equipment not only to Evertson Oil & Gas, but to "Wyoming" as well. Evertson's formation of Rental and the substantial profits enjoyed by that corporation as a result of its relationship with Evertson Oil & Gas and "Wyoming" are at the heart of this dispute.

Plaintiff pursued alternative theories of recovery at trial. First, plaintiff argued that in causing Evertson Oil & Gas and "Wyoming" to transact business with his wholly owned Rental Corporation, Evertson improperly engaged in self-dealing. Alter-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

natively, plaintiff argued that in forming Rental, Evertson wrongfully appropriated for himself a business opportunity that properly belonged to one of the other corporations that he directed. After an eight-day trial, the jury returned a verdict, with special interrogatories, in favor of Evertson. Cannon Oil challenges the verdict on several grounds.

## II.

Plaintiff argues initially that there is insufficient evidence to support the jury verdict on either claim. In that regard, our review is "limited to the inquiry as to whether the record contains substantial evidence to support the jury's or court's conclusion, viewing the evidence in the light most favorable to the prevailing party." *Kitchens v. Bryan County Nat'l Bank,* 825 F.2d 248, 251 (10th Cir.1987).

Plaintiff's self-dealing theory required it to prove by a preponderance of evidence that Evertson engaged in self-dealing. If Cannon Oil met that burden, the defendant then had to show by clear and convincing evidence, one of the following: (1) the fact of the relationship between Rental and the two predecessor corporations was known to the board of directors of the predecessor corporations; (2) the shareholders entitled to vote were aware of the relationship and authorized, approved, or ratified the transactions by vote or written consent, or; (3) the transactions were fair and reasonable to the predecessor corporations. *See Lynch v. Patterson,* 701 P.2d 1126, 1132 (Wyo.1985) (construing Wyo.Stat. § 17–1–136.1(a) (1977 & Supp.1987)).

■ Even assuming that the plaintiff met its initial burden in pressing its self-dealing claim and even assuming further, as plaintiff strenuously argues on appeal, that Evertson failed to sufficiently demonstrate that all of the Evertson Oil & Gas and "Wyoming" shareholders either knew about the relationship between those corporations and Rental or ratified the transactions between Rental and those entities, the jury could still have found that Evertson demonstrated that the relationship was fair and reasonable for the corporations, there-

by meeting the burden imposed upon him by Wyoming law.

Contrary to plaintiff's assertions, Wyoming law requires a defendant challenging a self-dealing claim to show by clear and convincing evidence *either* that the shareholders or directors of the plaintiff corporations knew about or consented to the transactions at issue *or* that the challenged transactions were fair and reasonable to the corporations. *Lynch,* 701 P.2d at 1132. Evidence in the record supports a determination that the transactions were fair and reasonable.

■ There is testimony, for example, that Rental consistently provided equipment to the other companies when such equipment was scarcely available from any source. There was also testimony that Rental provided this equipment at lower rates than those offered by other equipment rental companies. The jury could have concluded from this, as well as other, evidence that the transactions were fair.

There is also evidence to support the jury's rejection of the plaintiff's alternative theory. Three tests have been used to address corporate opportunity claims: the "line of business" test, the "interest or expectancy" test, and the "fairness" test. 3 W. Fletcher, *Cyclopedia on the Law of Private Corporations,* § 861.1 at 283 (rev. perm. ed. 1986). Some courts have combined the line of business and fairness standards by adopting a two-step analysis. *Id.* at 285. Wyoming courts have not stated which test they would employ. Their clearly stated approach in resolving self-dealing claims, however, provides a useful analogy and persuades us that they would adopt the combined, two-step test.

In *Lynch,* the Wyoming Supreme Court held that once a plaintiff established that a corporate director has engaged in self-dealing, the burden shifts to the defendant to show either that the shareholders or directors of the plaintiff corporations knew about or consented to the transactions at the time or that the challenged transactions were fair and reasonable to the corporations. 701 P.2d at 1132. We conclude that

the court would adopt a similar approach in the corporate opportunities context.

■ Under the combined approach, the challenging party bears the initial burden to show that the business opportunity that the defendant pursued was also a corporate opportunity in light of all the facts and circumstances surrounding the transaction. The burden then shifts to the defendant to establish the fairness of the transaction. 3 W. Fletcher, *Cyclopedia on the Law of Private Corporations*, § 861.1 at 285 (rev. perm. ed. 1986). In this case, there is testimony not only that the formation of Rental was *fair* to the plaintiff corporations, but that its formation was done for their *benefit*. That evidence is sufficient to support the jury's determination that Evertson breached no fiduciary obligations in forming that company.

### III.

Next, plaintiff challenges the court's jury instructions on two grounds. First, it contends that the court erred in *refusing* to instruct the jury that: (1) the officers, directors, and shareholders of the predecessor corporations had no affirmative duty to investigate or discover wrongdoing by the defendant, and (2) evidence of suspicion does not cure an inadequate disclosure. Second, it argues that the court erred in *instructing* the jury that knowledge of one director binds the corporation.

■ "Instructions must be considered as a whole and particular instructions and requests for instructions are to be considered in the framework of the entire charge." *Wegerer v. First Commodity Corp.*, 744 F.2d 719, 723 (10th Cir.1984). "A jury charge is comprehensive and ought not be read in fragments. Our scrutiny of the district court's instructions must be orbitary and universal, not narrow and monocular." *McDaniel v. Slade*, 404 F.2d 607, 609 (5th Cir.1968); *see also Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1549 (10th Cir.1987). After careful examination of the record, we are not convinced that the court's instructions were erroneous, and even if they were, when the charge is considered as a whole, any errors it may have

contained were neither substantial nor prejudicial. We conclude as well that the trial court committed no prejudicial error in refusing to give two of the instructions that plaintiff requested.

### IV.

Cannon Oil argues that the trial court erred in allowing defendant's witness Roger Kaczmarek to testify beyond the matters designated in the defendant's pretrial memorandum.

Rule 8(a)(2) of the local rules for the United States District Court for the District of Wyoming prohibits the receipt of trial testimony that is not consonant with the pretrial summary provided for that witness. In *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir.1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981), this court held that such local rules have the force of law. We listed the factors to be considered in determining whether a district court abused its discretion in allowing the admission of testimony not designated in a pretrial order. Those factors are: (1) the prejudice or surprise in fact of the party against whom the testimony has been allowed; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against presenting unnoticed testimony would disrupt the orderly and efficient trial of the case or of other cases in court, and; (4) the bad faith or willfulness in failing to comply with the pretrial order. *Id.* at 797.

■ Consideration of those factors indicates that there was no abuse of discretion in this case. There was no surprise in fact here. In *Smith*, the offending testimony was prejudicial because the witness from which it was elicited was the *only* one to provide the evidence at issue. 626 F.2d at 798. Here Kaczmarek's testimony was cumulative of that which Evertson and Dan Mathews provided. Moreover, plaintiff demonstrated its ability to cure any prejudice that may have arisen with its examination of Roger Longteau, who contradicted Kaczmarek's offending testimony. Robert Cannon was called as a rebuttal witness

and also contradicted the Kaczmarek testimony. Finally, there is no contention either that the testimony was offered in bad faith or that it disrupted the orderly trial of the case.

 Cannon Oil would have us find prejudicial error on the ground that Kaczmarkek's testimony was the only *independent* corroboration of the Evertson and Matthews testimony regarding Robert Cannon's knowledge of specific equipment owned by Evertson's Rental company. Kaczmarek's testimony was cumulative of that offered by Evertson and Matthews. Therefore, Cannon Oil's argument assumes that the jury assigned greater credibility to Kaczmarek's testimony than to that of Evertson or Matthews because it was from an "independent" source. We reject that assumption. The jury "has the *exclusive* function of appraising credibility." *Rasmussen*, 571 F.2d at 1149 (emphasis original). The court did not abuse its discretion in refusing to strike the testimony.

### V.

Plaintiff also contends that the court erred in submitting Evertson's affirmative defenses of accord and satisfaction and equitable estoppel to the jury. In pleading those affirmative defenses, Evertson argued, in effect, that even if he had breached his fiduciary duties, no liability should attach either (1) because the parties had reached an accord and satisfaction on the matter, or (2) because the plaintiff was equitably estopped from proceeding with a law suit. In light of the jury's finding on special interrogatories that the defendant did not breach his fiduciary duties and our holding that there is sufficient evidence to support that finding, the issue of the trial court's handling of the affirmative defenses is moot.

AFFIRMED.