946 F.2d 901
 57 Fair Empl.Prac.Cas. (BNA) 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janis SMITH, Plaintiff-Appellant,
v.
LONGMONT UNITED HOSPITAL, Defendant-Appellee.
 No. 90-1357.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this Age Discrimination in Employment Act (ADEA) action, 29 U.S.C. §§ 621-34, plaintiff appeals from the district court's denial of her motion for a new trial, asserted following a jury verdict in favor of defendant. This court reviews a district court's decision on a new trial motion under an abuse of discretion standard. See Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1251 (10th Cir.1988). After consideration of plaintiff's appellate arguments, we determine that the district court did not abuse its discretion in denying the motion for new trial.
 
 
 3
 Plaintiff, who was born in 1925, began working for defendant in 1970 as a chemist in defendant's pathology lab. In 1972, defendant promoted plaintiff to chief technologist and, in 1975, plaintiff assumed the newly created position of administrative technologist. As administrative technologist, plaintiff supervised the daily operation and management of the pathology lab. Plaintiff received satisfactory performance evaluations.
 
 
 4
 In 1986, defendant eliminated the position of administrative technologist and refused to hire plaintiff for any other position in the pathology lab. Plaintiff asserted that defendant unlawfully terminated her employment on the basis of plaintiff's age. Defendant asserted that plaintiff's position as administrative technologist was eliminated as a cost-cutting measure, following an efficiency study of the hospital conducted by an independent consultant. Defendant further asserted that the consultant recommended plaintiff's duties as administrative technologist be consolidated with the duties of the chief technologist in order to enhance the hospital's efficiency and save money. Defendant followed the consultant's recommendation to consolidate these positions, appointing the younger chief technologist, rather than plaintiff, to fill the newly consolidated position because plaintiff had failed to maintain her practical skills as a lab technician, skills which would be required by the new position, during the eleven years plaintiff had held her administrative position. Plaintiff asserted defendant's claims were only a pretext for terminating her employment on the basis of her age.
 
 
 5
 On appeal, plaintiff asserts five issues challenging the district court's denial of her motion for a new trial. Plaintiff's first three arguments challenge evidentiary rulings: 1) the trial court erred in denying plaintiff's motion in limine through which plaintiff sought to exclude any reference to the employee at will doctrine; 2) the trial court erred in restricting the testimony of plaintiff's expert witness; and 3) the trial court erred in allowing into evidence a defense exhibit which defendant failed to include in the pretrial order. This court will disturb the trial court's evidentiary decisions only upon a showing of an abuse of discretion. See Denison v. Swaco Geolograph Co., No. 90-6021, slip op. at 16 (10th Cir. Aug. 16, 1991) (decision to admit exhibit not listed in pretrial order); United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988) (decision to admit or exclude evidence); Karns v. Emerson Elec. Co., 817 F.2d 1452, 1459 (10th Cir.1987) (decision to admit or exclude expert's testimony). Review of the record fails to indicate that the district court abused its discretion concerning these evidentiary matters.
 
 
 6
 Lastly, plaintiff challenges the district court's charge to the jury. Plaintiff first argues that the district court erred in failing to instruct the jury using plaintiff's proposed jury instruction concerning the economic savings derived from discharging older employees: "Economic savings derived from discharging older employees cannot serve as a legitimate justification under the [ADEA] for an employment selection criteria." Although plaintiff asserts that evidence adduced at trial supported giving this instruction, plaintiff has failed to provide us with a sufficient record to allow us to determine whether the trial court should have given such an instruction. Cf. Gelof v. Papineau, 648 F.Supp. 912, 921 (D.Del.1986) (employer specifically indicated one of principal reasons for terminating ADEA plaintiff was high cost of employing her, which would have increased when plaintiff's pension vested), aff'd in part, vacated in part on other grounds, 829 F.2d 452 (3d Cir.1987). Due to the lack of record, we cannot consider plaintiff's argument. United States v. Mobile Materials, Inc., 871 F.2d 902, 906 n. 1 (10th Cir.1989), cert. denied, 110 S.Ct. 837 (1990).
 
 
 7
 Plaintiff next argues that the district court erred in instructing the jury concerning defendant's need to present evidence that age was not the reason for its decision to terminate plaintiff's employment. "Instructions must be considered as a whole and particular instructions and requests for instructions are to be considered in the framework of the entire charge." Cannon Oil & Gas Well Serv., Inc. v. Evertson, 836 F.2d 1252, 1256 (10th Cir.1987) (quoting Wegerer v. First Commodity Corp., 744 F.2d 719, 723 (10th Cir.1984)).
 
 
 8
 In reviewing the instructions, we "consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duties to determine these issues.' "
 
 
 9
 Patty Precision Prods., 846 F.2d at 1252 (citations omitted); see also Cannon Oil, 836 F.2d at 1256. Further, no particular form of an instruction is required as long as the instruction, as a whole, conveys a correct statement of the applicable law. See, e.g., Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1549 (10th Cir.1987).
 
 
 10
 Assuming the district court used the challenged language to instruct the jury,[1] we are not convinced that this instruction was erroneous. Even if it was erroneous, however, viewing the jury charge as a whole, the error was neither substantial nor prejudicial. See Cannon Oil, 836 F.2d at 1256.
 
 
 11
 Plaintiff also argues that the trial court's rulings, considered as a whole, required the district court to grant plaintiff a new trial. In light of our resolution of plaintiff's other appellate arguments, this argument also lacks merit. See Denison, No. 90-6021, slip op. at 21.
 
 
 12
 The judgment of the United States District Court for the District of Colorado denying plaintiff's motion for new trial is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The parties disagree over the language the district court used to instruct the jury on this point. Plaintiff asserts that it is now impossible to establish the exact language employed by the district court because the instructions have been destroyed