982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edith Loretta COBB, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER; Denver Police Department,
Defendants-Appellees.
 No. 91-1257.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1992.
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Ms. Cobb appeals a verdict in favor of defendants-appellees on her claim of unlawful retaliation by her employer, defendant Denver Police Department, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17. This action was tried to the district court. After the bench trial, the district court entered a written Memorandum Opinion and Order for Entry of Judgment stating its findings of fact and conclusions of law based on the evidence. It concluded that Ms. Cobb had made out a prima facie case of discrimination but that defendant Denver Police Department had shown a legitimate, nondiscriminatory reason for not reassigning her from part-time to full-time work sooner than it did--that is, her substandard job performance. Although the district court did not state it, the court necessarily also found that Ms. Cobb failed to show that defendants' proffered reason was pretextual.
 
 
 6
 Because Ms. Cobb is representing herself, we construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Ms. Cobb contends the district court erred in finding from the evidence that her job performance was substandard.
 
 
 7
 The trial court is afforded "broad deference." Luna v. City & County of Denver, 948 F.2d 1144, 1149 (10th Cir.1991). We review its findings of fact only to determine if they are clearly erroneous. EEOC v. Ackerman, Hood & McQueen, Inc., 956 F.2d 944, 946 (10th Cir.), cert. denied, 113 S.Ct. 60 (1992); Fed.R.Civ.P. 52(a). "We may not find the trial court's findings 'clearly erroneous unless, after a review of the entire record, we are left with the definite and firm conviction that a mistake has been made.' " Luna, 948 F.2d at 1149 (quoting Higgins v. State ex rel. Okla. Employment Sec. Comm'n, 642 F.2d 1199, 1202 (10th Cir.1981)). We are not left with such a conviction in this case.
 
 
 8
 The evidence at trial was hotly disputed. Although Ms. Cobb presented some evidence that her job performance was effective, defendants presented other evidence that it was not. " '[T]he resolution of conflicting evidence and the determination of credibility are matters particularly within the province of the trial judge who heard and observed the demeanor of the witnesses.' " Id. (quoting Dowell v. United States, 553 F.2d 1233, 1235 (10th Cir.1977)). It is not our duty as an appellate court to determine if the trial court reached the correct result, but only to determine " 'whether it reached a permissible one in light of the evidence.' " Id. (quoting Higgins, 642 F.2d at 1202). Based upon our review of the trial transcript, we cannot state that the district court's finding that Ms. Cobb's job performance was substandard was clearly erroneous.
 
 
 9
 Ms. Cobb also challenges the effectiveness of her trial attorney. There is no right to effective assistance of counsel in a civil lawsuit, however. MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988). We hold the alleged incompetence of Ms. Cobb's attorney proves no basis for reversing the district court's verdict in favor of defendants.
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3