54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dottie WILSHIRE, Plaintiff-Appellant/Cross-Appellee,
v.
Judy RICHEY and The Howard Clinic,
Defendants-Appellees/Cross-Appellents.
 Nos. 94-5515, 94-5568.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 In this medical malpractice action, the plaintiff, Dottie Wilshire, challenges pro se the jury verdict entered in favor of the defendants. The defendants, Dr. Judy Richey and The Howard Clinic, cross-appeal a prior holding of this court that Wilshire's complaint was not time-barred. Wilshire v. Richey, No. 90-6542, 1991 U.S. App. LEXIS 29784 (6th Cir. Dec. 10, 1991).
 
 
 2
 This appeal arises out of Wilshire's addiction to painkillers prescribed intermittently by Dr. Richey, oftentimes over the phone, from 1979 to April 1988, when Wilshire entered a drug treatment program. Wilshire's addiction became apparent (at least to others) as early as June 1981, when she was admitted to a hospital for probable narcotic withdrawal.
 
 
 3
 In April 1989, invoking diversity jurisdiction, Wilshire filed the instant action in federal court. The district court granted the defendants' motion for summary judgment, finding the action barred by Kentucky's one-year statute of limitations for medical malpractice actions, Ky. Rev. Stat. Ann. Sec. 413.140(1). The court concluded the Wilshire knew or should have known of her addiction -- and, therefore, the action accrued -- prior to April 1988.
 
 
 4
 Wilshire appealed. On our initial review of this case, we reversed, holding that the Supreme Court of Kentucky, if presented with the instant facts, would find the statute of limitations tolled by the continuing course of treatment. On remand, the jury rendered a verdict for the defendants and, once again, Wilshire appeals.
 
 
 5
 To the extent that Wilshire states a claim, it is directed against the performance of her trial counsel. However, the Sixth Amendment right to counsel applies only to criminal defendants. Therefore, there is no right to the effective assistance of counsel in civil proceedings, and the only remedy available to Wilshire is a legal malpractice action against her attorney. See, e.g., Fruit v. Norris, 905 F.2d 1147, 1150 n. 6 (8th Cir. 1990); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); Deppe v. Tripp, 863 F.2d 1356, 1365 (7th Cir. 1988); and MacCuish v. U.S., 844 F.2d 733, 735-36 (10th Cir. 1988).
 
 
 6
 Given the foregoing, we find that the cross-appeal is moot. Nonetheless, it is also foreclosed by the "law of the case" doctrine. Under this doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993)). The doctrine "dictates that issues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice."' Moored, 38 F.3d at 1421 (quoting Petition of U.S. Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 859 (1973)). None of these circumstances is present here.
 
 
 7
 For these reasons, we AFFIRM the judgment of the district court in favor of the defendants and dismiss the cross-appeal.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Western District of Michigan, sitting by designation