**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY E. RUCKER,
<u>Plaintiff-Appellee,</u>

v.

ANDERSON COUNTY SCHOOL DISTRICT
FIVE,
<u>Defendant-Appellant.</u>

No. 96-1129

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CA-93-2764-8-3AK)

Submitted: September 30, 1996

Decided: October 15, 1996

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary E. Rucker, Appellant Pro Se. Kenneth Lendren Childs, Allen
Dean Smith, CHILDS & DUFF, P.A., Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary E. Rucker appeals from the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment to Defendant in her employment discrimination action. She also appeals the district court's order denying her Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. We have reviewed the district court's opinions and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. Rucker v. Anderson County Sch. Dist. Five , No. CA-93-2764-8-3AK (D.S.C. Oct. 30 & Dec. 26, 1995).

In addition, on appeal, Rucker attempts to raise numerous claims not addressed in her objections to the magistrate judge's report. However, because the district court is only required to "make a de novo determination of those portions of the [magistrate's] proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) (1994), appellate review is waived as to all claims that could have been raised in objections, but were not. See Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

Finally, Rucker contends that her attorney in district court was incompetent. However, a litigant in a civil action has no constitutional or statutory right to effective assistance of counsel, and therefore, a claimant showing ineffective assistance is not entitled to collateral relief. The appropriate remedy for such a claim is a malpractice suit. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988); Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 407-08 (3d Cir. 1980).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2