**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michon STARNES, Defendant–Appellant.**

No. 96–3047.

United States Court of Appeals,
Tenth Circuit.

Feb. 27, 1997.

Rehearing Denied March 26, 1997.

Michael M. Jackson, Topeka, KS, for Defendant–Appellant.

T.G. Luedke, Assistant U.S. Attorney (Jackie N. Williams, U.S. Attorney, with him on the briefs), Topeka, KS, for Plaintiff–Appellee.

Before WHITE, Associate Justice (Ret.); *
EBEL, and KELLY, Circuit Judges.

WHITE, Associate Justice (Ret.).

A federal jury found Michon Starnes guilty of conspiring with codefendant Leslie Russell, in violation of 21 U.S.C. § 846, to possess with intent to distribute approximately 18 grams of cocaine base. Starnes asserts various errors in her trial. We affirm.

## I. FACTS

On June 17, 1994, law enforcement officers from Junction City, Kansas, executed a valid search warrant at the residence of Michon Starnes. Starnes does not contest that the police found 18 grams of cocaine along with drug paraphernalia and $400 in cash in her bedroom. *See* Def.Br. at 2, 5. The government's case also featured testimony from a number of police officers and an informant, Derrick Douglas, about contemporaneous and prior drug transactions involving Starnes and Russell. Most damaging to Starnes, Douglas told the jury that he saw Russell walk into Starnes's home with an ounce of cocaine and emerge without it.

Starnes and Russell were tried together. They were both convicted of the § 846 conspiracy violation; the jury hung on straight possession counts against both and a firearm count against Starnes. In a separate opinion, we affirmed Russell's conviction. *See Russell v. United States,* No. 96–3039, slip op. In this appeal, which concerns Starnes only, she raises the following issues: (1) that the evidence was insufficient to support the conspiracy conviction; (2) that the district court erred in rejecting her buyer/seller instruction; (3) that the prosecution's closing remarks amounted to misconduct requiring a new trial; and (4) that the conspiracy charge did not adequately state the law.

## II. SUFFICIENCY OF THE EVIDENCE

We first evaluate Starnes's contention that the evidence in this case was insufficient to sustain the verdict. Starnes argues that "[t]here is no legally significant evidence connecting [her] to the possession or distribution of the crack cocaine." Def.Br. at 17. She further attacks the government's evidence as allowing the "piling of inference upon inference" from evidence showing only proximity, association, and prior bad acts.[1] *Id.* at 16. The evidence was sufficient in this case if a reasonable jury, granting all favorable inferences to the government, could have concluded beyond a reasonable doubt that Starnes was guilty of the conspiracy. *See United States v. Urena,* 27 F.3d 1487 (10th Cir.), *cert. denied,* ___ U.S. ___, 115 S.Ct. 455, 130 L.Ed.2d 364 (1994). As we hold in Part IV, the trial court's instruction properly defined the elements of conspiracy which the government had to prove as:

What the evidence [in] this case must show beyond a reasonable doubt is:

(1) That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

(2) That the defendants willfully became members of such conspiracy.

Instr. # 9, R.O.A. Vol. II, at 99–100.

The evidence was sufficient to support the conspiracy charge here. Viewed in the light most favorable to the government, as it must be, the government's copious evidence at trial included the following: (1) that 18 grams of cocaine were found in Starnes's bedroom, *see* R.O.A. Vol. VII, at 7–8; (2) that the cocaine, valued at over $11,000, far exceeded a plausible amount for personal consumption, *see id.* at 165–66; (3) that the cocaine was divided into individual wrapped packages, *see* R.O.A. Vol. VIII, at 134; (4) that drug parapherna-

---

* The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

1. The district court admitted the prior acts evidence on Federal Rule of Evidence 404(b) grounds as establishing intent, knowledge, motive, and lack of mistake. Starnes does not contest the admission of this evidence—only its sufficiency. And, as we hold in *Russell v. United States,* No. 96–3039, slip. op. at 6–7, its admission was proper. *See, e.g., United States v. Rackstraw,* 7 F.3d 1476 (10th Cir.1993).

lia, approximately $400 in cash, a gun, and foil that matched the material the cocaine was stored in was also found in her bedroom, see id. at 129–58; (5) that Russell took a one-ounce rock of cocaine into Starnes's house the night before the search and emerged without it, see id. at 238–40; (6) that Starnes was home when the cocaine was delivered, see R.O.A. Vol. VII, at 12–13; (7) that Starnes had sold Darryl Jackson crack out of her house on three prior occasions; see R.O.A. Vol. IX, at 438–42; (8) that prior searches of codefendant Russell's residence had uncovered not only cocaine and drug distribution paraphernalia, but also approximately $2,000 in cash, including bills marked by the police department for controlled drug buys, see R.O.A. Vol. VIII, at 167–74; (9) that Russell had given Starnes cocaine on three prior occasions, see id. at 231; (10) that the situation encountered in Starnes's residence was consistent with a "stash" or "safe" house, see R.O.A. Vol. X, at 493–511; (11) that on three different occasions Russell drove Starnes's automobile, and stopped by Starnes's residence to pick up money, before travelling to Topeka to make cocaine purchases, see R.O.A. Vol. VIII, at 233–38; and (12) that she was driving Starnes's car when she was stopped the night of the search, see R.O.A. Vol. VII, at 9–10. A reasonable jury could certainly conclude from this evidence, beyond a reasonable doubt, that Starnes conspired with Russell to possess with intent to distribute cocaine.

■ Starnes attempts the "divide and conquer" approach to undermining the evidence. It is the totality of the evidence that must be sufficient, however, not each individual piece. Starnes also attacks the evidence as showing her mere proximity to the cocaine. We acknowledge that "mere presence at the scene of a crime or association with codefendants is not enough to support a conspiracy conviction." United States v. Espinosa, 771 F.2d 1382, 1392 (10th Cir.), cert. denied, 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985). But her contention that she did not know about the cocaine, of course, does not defeat the fact that the existence of a large amount of cocaine in her bedroom is probative of her guilt. Surely a jury is permitted to draw the inference that a person had knowledge of cocaine when a large amount of it is found in her own bedroom. Starnes put on evidence in an effort to undermine this conclusion, including testimony from another resident of the house that she (not Starnes) had done cocaine in Starnes's bedroom that night. The government adduced testimony rebutting that defense. The jury concluded, as it was entitled to, that the government's version of events was the correct one. Finally, Russell was convicted of conspiracy to possess (with intent to distribute)—not with actual possession. Therefore, it is not necessary that the cocaine seized by the police belong to Starnes. The government alleged that Russell frequently "fronted" the cocaine, and that Starnes acted as a "stash house." The existence of the cocaine and drug-distribution equipment in Starnes's bedroom—combined with the evidence of her prior drug transactions and the relationship between Starnes and Russell, particularly Russell's delivery of the one-ounce rock of cocaine to Starnes's residence the night before the search—could establish the charged conspiracy beyond a reasonable doubt.

## III. BUYER/SELLER INSTRUCTION

■ We turn next to Starnes's argument that the district court erred in refusing to give her requested instruction on buyer/seller relationships. Starnes argues that the district court abused its discretion in refusing to give her requested instruction that evidence of a buyer/seller relationship—without more—is insufficient to prove a conspiracy. See United States v. McIntyre, 836 F.2d 467, 471 (10th Cir.1987). According to Starnes, this instruction should have been given because Derrick Douglas, one of the informants, testified to "three buyer/seller transactions between Ms. Russell and Ms. Starnes which occurred four to five months before the cocaine was seized." Def.Br. at 19–20. "Those transactions," Starnes asserts, "are the only contacts between Ms. Starnes and Ms. Russell that the government produced at trial to show a conspiratorial agreement between Ms. Starnes and Ms. Russell." Id. at 19. This Court reviews the district court's refusal to submit a requested instruction to the jury for abuse of discretion. See United

*States v. Rodriguez–Garcia,* 983 F.2d 1563, 1572 (10th Cir.1993). A district court does not abuse its discretion "so long as the charge as a whole adequately states the law." *Id.*

▮ Starnes's position is plainly incorrect. The government's case was not limited to the prior drug sales. Rather, as described in Part II, *supra,* the government adduced far more evidence than the prior drug purchases to establish the conspiracy. Most significantly, the government introduced testimony that Russell deposited a one-ounce rock of cocaine at Starnes's residence the night before the search and that $11,000 worth of cocaine, individually wrapped for distribution, was found in Starnes's bedroom along with drug distribution equipment and paraphernalia.

We hold that the district court properly instructed the jury on the elements of the charged conspiracy. Examining the instructions as a whole, *see United States v. Migliaccio,* 34 F.3d 1517, 1523 (10th Cir.1994), they did not allow the jury to convict on a mere buyer-seller theory. Prong one of the instruction requires the jury to find, beyond a reasonable doubt, that "two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan, *as charged in the Indictment.*" (emphasis added). The indictment, in turn, makes clear that Starnes was charged with conspiring with Russell "to possess with intent to distribute, approximately 18.3 grams of ... cocaine base." R.O.A. Vol. III., at 1. Thus, the charge makes clear that Starnes was not being prosecuted for being a mere buyer or seller of cocaine.

Starnes takes issue with the district court's determination that the "evidence clearly demonstrated that the amount of crack cocaine delivered to the defendant's home was not a user quantity." *United States v. Starnes,* No. 95–40037–01/02, slip op. at 13 (D.Kan. Dec. 11, 1995). This finding is not "relevant," Starnes asserts, because "it refers to the cocaine that was seized"—not the "three buyer/seller transactions." Def.Br. at

19–20. Starnes's position seems to be that she was entitled to an instruction tailored to each piece of the government's evidence. This is not only incorrect, it belies her earlier assertion that the government introduced no other evidence of her guilt. Indeed, Starnes's defense was not—nor could it plausibly have been—that she was only a buyer of the $11,000 of cocaine that was the subject of the indictment. Rather, she claimed she knew nothing about it. The jury reasonably concluded otherwise. Lacking a reasonable factual or legal basis for the defense instruction, Starnes had no right to it. *See United States v. Simmonds,* 931 F.2d 685, 688 (10th Cir.), *cert. denied,* 502 U.S. 840, 112 S.Ct. 129, 116 L.Ed.2d 97 (1991).

## IV. CLOSING ARGUMENT and CONSPIRACY INSTRUCTION

Finally, we reject two of Starnes's arguments that we have considered in her codefendant Russell's case. *See Russell v. United States,* No. 96–3039, slip op. Starnes argues that the district court erred in refusing to grant a new trial for allegedly improper comments the government made in its closing argument. Starnes also complains that the instruction given in her case did not list all four elements necessary to her conspiracy conviction.[2] These arguments are identical to those her codefendant, Russell, made in her case before this Court. Because the arguments are the same, and address the same matters, we reject them for the same reasons. *See id.* at 18–22.

## V. CONCLUSION

We conclude that (1) the evidence was sufficient to support the conspiracy conviction; (2) the district court did not err in rejecting Starnes's buyer/seller instruction; (3) the prosecution's closing remarks did not amount to misconduct requiring a new trial; and (4) the conspiracy charge adequately stated the law. The judgment is affirmed.

---

**2.** Starnes did not include this argument in her brief, but subsequently moved this court to incorporate, verbatim, Russell's argument in this regard. *See* Motion to Adopt Co–Counsel's Argument in Issue # 3. We grant that motion.