**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BILLY W. WILLIAMS,

      Plaintiff-Appellant,

v.

DENVER, CITY AND COUNTY OF,
a municipal corporation,

      Defendant-Appellee.

No. 96-1103
(D.C. No. 91-WY-1321-AJ)
(D. Colo.)

ORDER AND JUDGMENT*

Before KELLY and HENRY, Circuit Judges, and DOWNES,** District Judge.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**    The Honorable William F. Downes, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

This appeal arises from plaintiff's claims against the City and County of Denver (the City) pursuant to the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §§ 621-634, and for various constitutional violations. Plaintiff applied for a job with the city as an information specialist when he was fifty-five years old. Plaintiff was not chosen for the job; in fact, he did not make it past the second-tier of the evaluation process and did not receive an interview. A thirty-five year-old woman, whom plaintiff claims was less qualified than he, was hired to fill the position. Based on these facts, plaintiff claims he was the victim of age discrimination. He filed amended complaints in which he alleged various constitutional violations; all of those claims were dismissed prior to trial. Plaintiff's ADEA claims were presented to a jury, and, finding no discrimination, the jury returned a verdict for the City. The district court denied plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial. Plaintiff appeals the district court's judgment, and we affirm.

We have reviewed the record, and we hold that all of plaintiff's allegations of error are meritless. Plaintiff presents several points of error by his appointed trial counsel. "[T]he right to counsel in a civil case is not a matter of constitutional right," and the "appropriate remedy for allegedly incompetent representation is a malpractice suit." MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988) (quotation omitted).

Plaintiff also argues error in the district court's refusal to instruct the jury regarding willful age discrimination. The district court found no evidence of willful behavior to justify submission of such an instruction and did not abuse its discretion by refusing a willful violation instruction. See United States v. Starnes, 109 F.3d 648, 650-51 (10th Cir.), cert. denied, No. 96-9185, 1997 WL 333342 (U.S. June 27, 1997). We also find no merit in plaintiff's conflict of interest argument. Not only did plaintiff waive objection to any potential conflict in a written status report, the matter was also addressed in open court at the status conference, and the record shows the potential conflict was resolved. Further, the record contains no evidence of judicial misconduct either in the court's conduct during the trial or in its dismissal of certain constitutional claims before trial.

On de novo review, we hold that the district court did not err in denying plaintiff's motion for judgment as a matter of law, and neither did it abuse its discretion in denying the motion for new trial. See Patton v. TIC United Corp., 77 F.3d 1235, 1240 (10th Cir.), cert. denied, 116 S. Ct. 2525 (1996). Finally, plaintiff complains that the City's attorney made prejudicial and inflammatory statements in his closing statement. We note that plaintiff fails to point out the exact language to which he objects, but, in any event, plaintiff made no objection at trial, and we find no plain error. Cf. Angelo v. Armstrong World Indus.Inc., 11 F.3d 957, 960 (10th Cir. 1993) (failure to object to evidence). Finally, plaintiff

did not suffer a due process violation because of the timeline of this case. All trial delays are explained by the docket sheet, and, in fact, several were at plaintiff's request.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge