**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-1694**

---

LESLIE W. WHITE,

                                      Plaintiff - Appellant,

     versus

NORFOLK SOUTHERN CORPORATION,

                                      Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CA-96-948-2)

---

Submitted: November 6, 1997      Decided: November 19, 1997

---

Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER,[*] Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Charlie Bryant, NAACP, Norfolk, Virginia, for Appellant. Heather Ann Mullen, David Nash Payne, Deborah Kaye Dallmann, WILLIAMS, KELLY & GREER, Norfolk, Virginia, for Appellee.

---

[*] Senior Judge Butzner did not participate in consideration of this case. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leslie H. White appeals from the district court's order granting summary judgment to her employer in her civil action in which she alleged sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 (1994). We dismiss.

White fails to challenge the basis of the district court's order granting the defendant's motion for summary judgment. See 4th Cir. R. 34(b) (this court limits its review on appeal to the issues raised in appellant's informal brief). White contends only that her attorney was incompetent. A litigant in a civil action, however, has no constitutional or statutory right to effective assistance of counsel, and therefore, a claimant alleging ineffective assistance is not entitled to collateral relief. The appropriate remedy for such a claim is a malpractice suit. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988); Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 407-08 (3d Cir. 1980).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED