**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ADA M. ANDREWS,

    Plaintiff-Appellant,

v.

UNIVERSITY OF KANSAS
MEDICAL CENTER,

    Defendant-Appellee.

No. 98-3143
(D. Kan.)
(D.Ct. No. 97-CV-2286-KHV)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Ada M. Andrews, who describes herself as an African-American female, filed suit against her employer, the University of Kansas Medical Center, claiming discrimination in violation of Title VII, 42 U.S.C. § 2000, *et seq.*, because she was treated differently than her white co-workers and experienced harassment on the basis of race. She also alleged retaliation by management based on her complaints to hospital personnel and the Equal Employment Opportunity Commission. Her employer moved for summary judgment. The district court granted the motion, concluding Ms. Andrews failed to establish a *prima facie* case of discrimination and retaliation.

Ms. Andrews files this *pro se* appeal essentially raising the same issues presented to the district court in her Complaint and Memorandum in Opposition to the Defendant's Motion for Summary Judgment. In support of her argument on appeal, Ms. Andrews presents only general, conclusory and unsupported, allegations of discrimination and retaliation. In addition, for the first time on appeal, she raises a claim of ineffective assistance of counsel.

## Summary Judgment

We review the grant of summary judgment de novo, using the same standard as the district court under Fed. R. Civ. P. 56(c). *Blue Circle Cement,*

*Inc. v. Board of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir. 1994). Summary judgment is appropriate only "'if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). We examine the factual record and the inferences reasonably drawn from the facts in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

We have carefully reviewed the parties' pleadings and briefs, the record on appeal, and the district court's decision, and considered them in light of the applicable law. The district court issued a thorough and well-reasoned, and well-written memorandum and order granting summary judgment to Ms. Andrews' employer. We cannot better articulate the facts, applicable law, or reasoning for granting the summary judgment. Even construing Ms. Andrews' pro se pleadings in support of her appeal liberally,[1] her general, conclusory and reiterated allegations of discrimination and retaliation are insufficient to show there is a

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

genuine issue of material fact or that the moving party is not entitled to summary judgment as a matter of law. *See Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995.) We thereby affirm the district court's April 17, 1998 Order and Memorandum for substantially the same reasons stated therein and attach a copy hereto.

Ineffective Assistance of Counsel

Ms. Andrews on appeal states: "I feel I was not represented by my legal counsels [sic] best efforts and or intrest [sic] with this case. Hearings and or brief [sic] were conducted without my knowledge or presence." However, the Sixth Amendment right to effective counsel does not extend to civil suits. *See MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988). Accordingly, any such incompetence provides no basis for reversing summary judgment.

For these reasons, the judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-4-

Attachment not available electronically.