Janet Helene MacCUISH, Individually and as Parent, Natural Guardian, and Next Friend of Damien MacCuish, a minor, Plaintiffs–Appellants,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 85–2588.

United States Court of Appeals, Tenth Circuit.

April 15, 1988.

734

Leslie E. Nunn, Nunn & Holden, P.C., Denver, Colo., for plaintiffs-appellants.

Robert N. Miller, U.S. Atty., and Henry L. Solano, Asst. U.S. Atty., Denver, Colo., for defendant-appellee.

Before LOGAN, STEPHEN H. ANDERSON and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

This is a medical malpractice case brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Plaintiffs/Appellants Janet MacCuish and her minor son, Damien (hereinafter "MacCuish"), sued the United States for damages resulting from an allegedly negligent circumcision performed on Damien shortly after his birth at Fitzsimmons U.S. Army Hospital in Denver, Colorado. After trial to the court, the district court entered judgment for the United States, and subsequently denied MacCuish's motion for a new trial. MacCuish appeals and we affirm.[1]

## BACKGROUND

Damien was circumcised shortly after his birth in June, 1981. Several days after the circumcision was performed, complications were noticed which ultimately resulted in the performance of a corrective surgical procedure, known as the Cecil procedure. MacCuish claims that as a result of the circumcision and corrective surgery, Damien's penis is deformed, which will cause him physical, emotional and psychological problems.

During the trial, both sides presented expert witness testimony. Among the government's expert witnesses was Dr. Daniel Horn, a urologist who participated in the decision to perform the Cecil procedure and performed the first stage of that procedure. On direct examination by the United States, Dr. Horn was asked his opinion as to the outcome of the Cecil procedure. MacCuish objected, on the ground that testimony as to the outcome of the procedure violated the pre-trial order entered in the case, which apparently did not specifically state that Dr. Horn would testify as to the outcome. The court overruled the objection and permitted the testimony.

At the conclusion of both parties' cases, the district court held that there was no

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

basis for finding that the United States acted negligently or with a lack of due care in the performance of the circumcision. With respect to the propriety of the Cecil procedure, the court followed the views of Dr. Horn and concluded that there was no negligence in the decision to perform that procedure. The court accordingly entered judgment for and awarded costs to the United States. It denied MacCuish's subsequent motion for a new trial.

MacCuish appeals that denial, raising three arguments: (1) her trial attorney failed to accept a $50,000 settlement offer made by the United States; (2) the district court erred in permitting Dr. Horn to testify on the outcome of the Cecil procedure; and (3) her attorney's conduct at trial amounted to ineffective assistance of counsel.[2]

### DISCUSSION

#### A. *Settlement Offer/Incompetence of Counsel.*

MacCuish filed an affidavit stating that she had been called to her attorney's office "approximately two or three months after he had received a settlement offer from the Defendant." She further stated that she had never been told previously of the settlement offer and that her attorney "told me I should not accept it because it was not a 'structured settlement' ". Affidavit of Janet MacCuish, attached to Appellant's Opening Brief. MacCuish seeks a new trial in part on the ground that her attorney refused that offer. This argument is essentially an allegation of ineffective assistance of counsel, which can be considered with MacCuish's specific ineffective assistance of counsel argument.

MacCuish's argument that ineffective assistance of counsel should relieve her of an adverse judgment "confuses this civil case with a Sixth Amendment based claim for the re-trial of a criminal case." *Luera v. Snyder*, 599 F.Supp. 1459, 1465 (D.Colo.1984). This court has previously stated that "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir.1965);[3] *see also Sanchez v. United States Postal Service*, 785 F.2d 1236, 1237 (5th Cir.1986) ("[w]e now expressly hold that the sixth amendment right to effective assistance of counsel does not apply to civil litigation."); *Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir.1984) ("The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases."); *Mekdeci v. Merrell Nat'l. Laboratories*, 711 F.2d 1510, 1522–23 (11th Cir.1983) (" '[T]here is no constitutional or statutory right to effective assistance of counsel on a civil case.' ... [A] 'party ... does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice.' ") (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir.1980)); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3rd Cir.1980) ("An aggrieved party in a civil case, involving only private litigants unlike a defendant in a criminal case, does not have a constitutional right to the effective assistance of counsel. The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice."); *United States v. White*, 589 F.2d 1283, 1285 n. 4 (5th Cir.1979) ("right to effective assistance of counsel" has not been extended to any civil proceedings "not analogous to a criminal prosecution"). Accordingly, MacCuish's appropriate remedy for alleg-

---

**2.** MacCuish's docketing statement phrases the issues slightly differently. Any issues which a plaintiff raises in a docketing statement but does not pursue in briefs are deemed waived. *See Suggs v. State Farm Fire and Cas. Co.*, 833 F.2d 883, 886 n. 4 (10th Cir.1987); *Bledsoe v. Garcia*, 742 F.2d 1237, 1244 (10th Cir.1984). We accordingly address only those issues MacCuish argues in her briefs.

**3.** In *Cullins*, a habeas corpus proceeding in which appellant alleged ineffective assistance of appointed counsel in a previous habeas proceeding, we nonetheless considered appellant's ineffective assistance of counsel claim because we stated that "counsel should be appointed in post conviction matters when disposition cannot be made summarily on the face of the petition and record" and that appointed counsel "must be effective and competent." *Id.* at 889. *Cullins* is accordingly distinguishable from this case.

edly incompetent representation is a malpractice suit against her trial attorney. Any such incompetence provides no basis for granting her a new trial.

### B. *Testimony of Dr. Horn.*

MacCuish's remaining argument is that the district court erred in permitting Dr. Horn to testify as to the outcome of the Cecil procedure. Although the record before this court does not contain the actual pretrial order, the parties suggest that, in conformance with Rule 404 of the Local Rules of Practice of the United States District Court for the District of Colorado, it stated that written summaries of opinions of expert witnesses would be granted to opposing counsel within 30 days. Dr. Horn was designated in the pretrial order as one of the treating medical personnel who would provide expert testimony. MacCuish asserts that the pretrial order contained no summary of his opinion as to the outcome of the Cecil procedure he performed.

Accordingly, citing *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir.1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981), she argues she was unfairly surprised and prejudiced when Dr. Horn testified as to outcome. The United States argues alternatively that (1) there was no violation of the pretrial order; or (2) the district court properly exercised its discretion to modify the pre-trial order by its ruling permitting Dr. Horn to testify; or (3) even if it was error to permit Dr. Horn to testify as to outcome, it was harmless error because it would not have affected the result of the trial.

Local Rule 404 designates the form of a pretrial order and specifies that such an order "will control the subsequent course of this action and the trial." D.Ct. Colo.R. 404, Appendix C. *See also Perry v. Winspur*, 782 F.2d 893, 894 (10th Cir.1986); Fed.R.Civ.P. 16. "When there exists a 'properly drawn, detailed pretrial order, a trial court's determination that certain facts or issues must [or should not] be excluded from trial on the basis of a pretrial order may be reversed only if there is an abuse of discretion.'" *Smith*, 626 F.2d

at 795 (quoting *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 817–18 (10th Cir.1979) (citations omitted, brackets original)); *see also Cannon Oil & Gas Well Services, Inc. v. Evertson*, 836 F.2d 1252, 1256 (10th Cir. 1987); *Perry v. Winspur*, 782 F.2d at 894. We find no abuse of discretion here.

MacCuish relies heavily on *Smith*, arguing that this case presents the same circumstances which compelled this court in *Smith* to remand for a new trial. In *Smith* we enumerated the factors relevant to the determination of "whether a district court has abused its discretion in excluding ... or ... allowing, testimony not specified in the pretrial order: '(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.'" *Smith*, 626 F.2d at 797 (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir.1977)); *see also Marino v. Otis Engineering Corp.*, 839 F.2d 1404, 1411 (10th Cir.1988) ("Our cases show that when a party requests a new trial on the basis of surprise testimony it must be able to show surprise, prejudice, and an attempt to cure the prejudice such as a motion for continuance."); *Cannon Oil & Gas Services, Inc.*, 836 F.2d at 1256 (reiterating *Smith* factors); *Greenwood v. McDonough Power Equip., Inc.*, 731 F.2d 690, 697 (10th Cir.1984) ("[T]here has been a failure to establish that ... [the expert's] testimony was prejudicial. The ... [plaintiffs] did not move for a continuance nor have they displayed the manner in which ... [the expert's] observation prejudiced them or what steps they may have pursued to cure the alleged prejudice.") Applying those factors to this case, we find no abuse of discretion in the decision to admit Dr. Horn's testimony on the outcome of the Cecil procedure.

First, we are not persuaded that MacCuish in fact was surprised or prejudiced

by the admission of the disputed testimony. MacCuish's complaint alleged that "[t]he Defendant ... [was] negligent in recommending the circumcision and in performing the circumcision as well as in the follow-up care and corrective surgery which was required due to the negligently performed circumcision." Complaint at p. 2, para. 8. Nonetheless, the focus of Mac-Cuish's evidence at trial, as well as her argument on appeal, was on the *decision to perform* the Cecil procedure. Similarly, the district court held that there was no negligence in the decision to perform the procedure; the court did not address the question of whether the procedure was itself negligently performed. Accordingly, evidence as to the outcome was not essential to MacCuish's case, and its exclusion would not have altered the district court's conclusion that there was no negligence in the decision to perform the procedure.

Moreover, evidence as to outcome of the procedure was already before the court in the form of pictures of Damien's condition after the performance of the Cecil procedure. The United States' previous expert, Dr. Niefert, a pediatrician, had already testified without objection as to Damien's current condition. On cross-examination of MacCuish's expert, Dr. Jarvis, a clinical psychologist, the United States without objection elicited his opinion as to Damien's condition after the Cecil procedure. Finally, unlike in *Smith,* "where the surprise witness's deposition was never taken due to the misleading description of that witness's testimony included in the pretrial order," *Marino,* 839 F.2d at 1411 n. 12, MacCuish does not argue that her failure to depose Dr. Horn, in contrast to the other treating physicians whom she did depose, was in any way prompted by the description of his testimony in the pretrial order.[4] Thus, MacCuish fails to establish any actual prejudice by the admission of Dr. Horn's testimony as to the outcome of the procedure he performed.

Furthermore, while MacCuish objected to Dr. Horn's testimony, she made no motion for a continuance at that time nor does she demonstrate other efforts to cure any alleged prejudice, although she could have made such efforts. *See Marino,* 839 F.2d at 1411; *LeMaire v. United States,* 826 F.2d 949, 953 (10th Cir.1987); *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 588 (10th Cir.1987); *Greenwood,* 731 F.2d at 697; 6A J. Moore, *Moore's Federal Practice,* ¶ 59.08[2] (1987).[5] She did not attempt to cross-examine Dr. Horn regarding outcome, nor to recall her own expert to rebut his testimony, and she does not demonstrate any reason why she could not have done so.

Finally, MacCuish does not seriously argue that the disputed testimony was offered in bad faith or that it disrupted the orderly and efficient trial of the case. *See Cannon Oil & Gas Services, Inc.,* 836 F.2d at 1257. We therefore hold that the district court did not abuse its discretion when it admitted such testimony.

For the foregoing reasons, the district court's decision denying MacCuish's motion for a new trial is AFFIRMED.

---

4. We also distinguished *Smith* in *Cannon Oil & Gas Services, Inc.,* 836 F.2d at 1256 by stating:

> In *Smith* the offending testimony was prejudicial because the witness from whom it was elicited was the *only* one to provide the evidence at issue.... Here ... [the disputed] testimony was cumulative of that which [two other witnesses] provided.

Similarly, in this case, Dr. Horn's testimony was not the only source of evidence relating to the outcome of the Cecil procedure.

5. In her docketing statement, MacCuish alleged that the district court erred in not continuing the trial to permit her to present additional medical testimony and implied that her attorney sought such a continuance. Docketing Statement at 2. She does not argue in her briefs that she sought a continuance and we find no evidence in the record that she did so.