46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roosevelt H. MILTON, Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.
 No. 94-6093.
 United States Court of Appeals, Tenth Circuit.
 Jan. 31, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Roosevelt H. Milton appeals from a jury verdict entered for defendant Oklahoma Department of Human Services. After exhausting his administrative remedies, plaintiff commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e to 2000e-17, alleging defendant had continually discriminated against him by failing to promote him.
 
 
 4
 Plaintiff began his employment with defendant in 1967. In 1986, he filed charges of discrimination against defendant. Judgment was entered for defendant. Plaintiff commenced this action alleging defendant had retaliated against him for filing the 1986 charges by not promoting him to positions for which he was qualified and for which he had applied. Plaintiff alleged each position was filled either by a white person or by a minority who had not filed charges of discrimination, all of whom were less qualified for the positions than plaintiff.
 
 
 5
 The district court granted defendant's motion for partial summary judgment finding some claims untimely because plaintiff had not shown facts establishing a continuing violation which would have tolled the statute of limitations. A jury found for defendant on plaintiff's remaining claims.
 
 
 6
 On appeal, plaintiff argues he did sufficiently allege a continuing pattern of discrimination. Plaintiff also argues trial counsel was ineffective.
 
 
 7
 We review the district court's grant of summary judgment de novo applying the same standard used by the district court. See Fed.R.Civ.P. 56(c); James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994).
 
 
 8
 In support of his argument that he established a continuing violation, plaintiff submitted portions of various depositions which defendant asserts we may not consider because they were not presented to the district court. Plaintiff responds that defendant did not provide plaintiff with copies of the depositions prior to entry of the district court's order. If discovery was not complete, plaintiff should have moved for a continuance. See Fed.R.Civ.P. 56(f). We will not review the challenged documents. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992).
 
 
 9
 The district court determined that, as a matter of law, plaintiff had not alleged a pattern of continuing violations. To establish a continuing violation, a plaintiff must show the claimed discriminatory acts were related and at least one of the acts occurred within the relevant filing period. See Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1543 (10th Cir.1987).
 
 
 10
 Because plaintiff alleged he was denied promotions in retaliation for filing discrimination charges in 1986, plaintiff did sufficiently allege a continuing violation. However, because the jury found defendant engaged in no discriminatory practices within the relevant time period, plaintiff, at best, could show only discriminatory practices occurring outside the relevant filing period and could not prevail. Id. Consequently, any error by the district court in granting summary judgment on the claims falling outside of the relevant filing period was harmless.
 
 
 11
 Plaintiff recognizes that Sixth Amendment ineffectiveness of counsel claims apply only to criminal cases, but argues that "because of the high value that society places on workplaces free from discrimination, the existing law should be modified and the doctrine of ineffective counsel should be applied to Title VII cases." Plaintiff's Br. at 17-18. Plaintiff cites Father & Sons Lumber & Building Supplies, Inc. v. NLRB, 931 F.2d 1093, 1097 (6th Cir.1991) and Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986) to support his argument.
 
 
 12
 In Magallanes-Damian, the court found a Fifth Amendment due process right to effective counsel in a deportation hearing. Id. The Sixth Circuit clarified Magallanes-Damian noting the right attached only in cases involving government-initiated action, such as deportation, which are intended to deprive an individual of an important liberty or property interest. Father & Sons Lumber, 931 F.2d at 1097.
 
 
 13
 This court has held that no Sixth Amendment right to effective counsel exists in a civil case. See MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988). No court has recognized a right to effective counsel in a Title VII action under the Fifth Amendment due process clause. We will not do so.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470