**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SANTIAGO TAPIA,

      Plaintiff-Appellant,

v.

KRIS HENIGMAN, NM Department
of Corrections Prison Guard,

      Defendant-Appellee,

   and

JOHN THOMAS, Warden, officially
and individually,

      Defendant.

No. 97-2049
(D.C. No. CIV-95-1160)
(D. N.M.)

_____

ORDER AND JUDGMENT[*]

_____

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

_____

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Santiago Tapia, a former state prison inmate, brought this § 1983 action alleging that defendant-appellee Kris Henigman, a correction officer, maliciously beat and kicked him, causing serious and permanent injuries.  The jury returned a verdict in favor of defendant.  Proceeding pro se on appeal, Tapia seeks a new trial on the grounds that the verdict is attributable to the ineffective assistance of his counsel.

The Sixth Amendment right to effective assistance of counsel does not apply to civil cases.  See MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988).  In civil cases, the "remedy for allegedly incompetent representation is a malpractice suit against [the] trial attorney.  Any such incompetence provides no basis for granting . . . a new trial." Id. at 735-36.

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

J. Thomas Marten
District Judge