**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNESTINE MAULTSBY,

      Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, sued as State of
Oklahoma,

      Defendant-Appellee.

No. 97-6242
(D.C. No. CIV-96-1292-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's decision granting defendant summary judgment on plaintiff's claims of race and age discrimination, asserted under Title VII, see 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act, see 29 U.S.C. §§ 621-34. This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1360-61 (10th Cir. 1997). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Upon consideration of the record and the parties' appellate arguments, we affirm the district court's decision for substantially the reasons stated in that court's order dated June 26, 1997. In doing so, we deny plaintiff's motions seeking to supplement the record on appeal with evidence not before the district court. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994).

Plaintiff asserts that the district court's summary judgment decision was the result of her attorney's incompetence. In a civil case such as this, however, plaintiff's remedy for incompetent representation is a malpractice action against her attorney. See MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988).

The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED. We grant plaintiff's motion to supplement her opening brief with an appendix of cited authority. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge