**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM E. REESE,

      Plaintiff-Appellant,

v.

OWENS-CORNING FIBERGLASS
CORPORATION,

      Defendant-Appellee.

No. 99-3196
(D.C. No. 96-CV-2048)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff William E. Reese appeals the district court's entry of summary judgment in favor of defendant Owens Corning Fiberglas Corp., on his employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to § 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 to § 12213. We affirm.

Plaintiff began working for defendant in 1976. In November 1991, he was injured in a non-work related accident. After approximately three years of sick leave, plaintiff sought to return to work. Because he could not provide a full medical release, he was sent to a work-hardening program. Plaintiff returned to work in February 1995, but was not permitted to accrue departmental seniority for the time he was on leave. He filed a grievance challenging this decision, which was granted, and his departmental seniority was modified to reflect the time he spent on sick leave. In October 1995, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC), alleging he was sent to the work hardening program and denied seniority based on his race. The EEOC dismissed the charge and issued a right to sue letter. In January 1996, plaintiff filed a federal lawsuit, but did not serve defendant with the complaint until May 1996.

On January 26, 1996, plaintiff again sought sick leave for a non-work related injury, which was granted, and later extended through February 20, 1996.

Thereafter, plaintiff refused to sign a release for his employer to contact his doctor, and failed to provide information verifying his need for sick leave. Plaintiff was terminated on March 19, 1996 for excessive unexcused absences.

Plaintiff sued his employer under Title VII and the ADA, alleging racial and handicap discrimination and retaliation. Between March 15, 1996 and January 11, 1999, five different attorneys were appointed to represent plaintiff, but were subsequently granted leave to withdraw. On October 7, 1998, the district court granted summary judgment to defendant on some of plaintiff's claims, and on May 20, 1999, the court granted summary judgment in defendant's favor on the remaining claims.

Plaintiff appeals the judgment pro se. Arguing that his attorneys did not represent him adequately in the trial court, plaintiff seeks appointment of an attorney and an opportunity to present his case. This argument is essentially an allegation of ineffective assistance of counsel, which is not a valid ground for appeal in a civil case. See MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988). "[A]n argument that ineffective assistance of counsel should relieve [a party] of an adverse judgment confuses [a] civil case with a Sixth Amendment based claim for the re-trial of a criminal case." Id. at 735 (quotation omitted). Because there is no constitutional right to counsel in a civil case, see id., the alleged incompetence of plaintiff's attorneys does not provide a basis for

reversing the summary judgments, see id. at 735-36. As plaintiff has not presented any other arguments demonstrating that the summary judgments were improper, the district court's decision must be affirmed.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge