**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KEVIN THOMAS FORD,

      Plaintiff-Appellant,

v.

ROGER CUMMINGS, C.O.;
DOUGLAS WETTLAUFER, C.O.,

      Defendants-Appellees

  and

KATHLEEN HAWK; JOHN DOE,
Unknown Correctional Officer for the
Federal Transfer Center; LEON
BALL,

      Defendants.

No. 99-6377
(D.C. No. 97-CV-233)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a bench trial on plaintiff Kevin Thomas Ford's claim that defendant correction officers Cummings and Wettlaufer subjected him to cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at the Federal Transfer Center in Oklahoma City, the district court entered judgment in favor of defendants. Although represented by counsel at trial, the district court granted counsel's motion to withdraw after counsel stated he saw no meritorious grounds for appeal. Plaintiff therefore proceeds on appeal pro se.

In this action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff alleged that Cummings entered his cell and beat him with a ring of jailer's keys and that Wettlaufer observed the incident, but did not intervene on plaintiff's behalf. During plaintiff's testimony at trial, plaintiff's counsel showed plaintiff a ring of jailer's keys introduced as evidence by defendants and the following colloquy ensued:

> Q. Does this look like the keys [Cummings] had in his hand that day?

A. Similar.  All those guys wear pretty much the same thing.

Q. Do you remember how many keys he had?

A. No, not really.  I couldn't tell you.  I don't exactly know.

Trial tr. at 18 (attachment A to appellees' brief).  On appeal, plaintiff contends that the ring of keys introduced at trial contained twenty to twenty-five keys, but that the ring Cummings actually used to beat him contained only four keys.  He contends that defendants "fraudulently manufactured" the ring of keys introduced at trial and that the court's consideration of this evidence is reversible error.  He also contends that his counsel provided constitutionally ineffective assistance in failing to object to the introduction of the keys and to question any witnesses regarding the number of keys on the actual ring Cummings allegedly used.

Ordinarily, this court would review plaintiff's first issue, which we construe as a challenge to the district court's admission of evidence, for abuse of discretion.  *See, e.g.* , *Cartier v. Jackson* , 59 F.3d 1046, 1048 (10th Cir. 1995).  Here, however, there was no objection to the introduction of the evidence.  Assuming we would review the issue for plain error,  *see* Fed. R. Evid. 103(d), it is clear there was no error--plaintiff's own testimony quoted above belies his contention of impropriety on the admission of the ring of keys.  *Cf. Koch v. Koch Indus., Inc.* , 203 F.3d 1202, 1215 (10th Cir. 2000) ("The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the

ground that the requested action was error.") (quotation omitted), *petition for cert. filed*, 68 U.S.L.W. 3023 (U.S. July 3, 2000) (No. 00-28).

While the factual basis for plaintiff's second claim is also contradicted by his own trial testimony, even more importantly, this claim fails because plaintiff has no constitutional right to counsel in a *Bivens* action. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

We conclude this appeal lacks any arguable basis in law or fact, and deem it to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The appeal is hereby DISMISSED as frivolous pursuant to § 1915(e)(2)(B), and this dismissal counts as a strike pursuant to § 1915(g). Plaintiff's request for a copy of the trial transcript at no charge is DENIED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge