**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALGENONE KEONTA WILLIAMS,

    Plaintiff-Appellant,

v.

RICK HUDSON; LINDA PAGE; D.A.
BECKER; CORRECTIONS
CORPORATION OF AMERICA;
SCOTT HOOTEN; K. HOOTEN;
MCNABB, Assistant Supervisor;
BRIMER, Senior Officer; BALL,
Senior Officer; KAY HIGGINS;
TIGNOR, Correctional Officer;
MICAELA BALL; G. DORRELL;
STEVE WILSON; R. FRANKS; K.
WHITCOMB; EARLS, Unit Manager;
HUGHES, Unit Manager; S.
BENNETT; LISA MEARS; MELISSA
RHOADS; CHESTER PENN; HOLLY
MARRIOTT; SCOTT GOODMAN;
JOHN WISENER; CLIETUS,
Warehouse Manager; LINDA
COOPER, K. WADE; CHAD SMITH;
BRYAN LAMBERT; SCOTT,
Correctional Officer; HARDIN,
Classification Specialist; DILL; JANE
DOE, Medical Secretary; JOHN DOE,

No. 00-6191
(W. District of Oklahoma)
(D.C. No. 99-CV-1771-R)

Correctional Officer/Alpha North Unit;
JOHN DOE, Sayre Police Department
Officer; J. LEMASTER; HATFIELD,
Correctional Officer; AGGUIRE,
Correctional Officer; MICHAEL
PHILLIPS; T. JEFFERSON,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Algenone Williams, a state prisoner proceeding *pro se*[1] and *in forma pauperis*, appeals the district court's entry of summary judgment in favor of the defendants on Williams' 42 U.S.C. § 1983 civil rights complaint. In his complaint, Williams averred that the defendant prison employees participated, to one degree or another, in an altercation wherein Williams was allegedly subjected to excessive force. After the case was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate ordered the defendants to file a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The defendants filed the *Martinez* report, with its attached, sworn affidavits, along with a motion to dismiss. In response to the motion to dismiss, the magistrate judge issued an order indicating that it would treat the motion to dismiss as a motion for summary judgment, directing Williams to file a response to the motion, and informing Williams of his rights and obligations in responding to the motion, including the obligation to submit admissible evidence in support of the allegations set out in his complaint. Despite the magistrate judge's specific admonitions, and despite the fact that he was counseled, Williams' responsive filing was completely inadequate; no admissible evidence to

---

[1]Although Williams is proceeding *pro se* on appeal, he was represented by counsel before the district court.

support the allegations in the complaint was appended to the response.[2]

Accordingly, the magistrate judge took as true the uncontroverted evidence set forth in the defendants' summary judgment motion and recommended that in light of those undisputed facts the defendants were entitled to judgment as a matter of law.

In his objection to the magistrate judge's report and recommendation, Williams recognized the evidentiary shortcomings in his response to the defendants' summary judgment motion and sought leave to supplement his response.[3]  The district court overruled Williams' objections and denied him leave to amend, holding as follows:

> Plaintiff in this action is represented by counsel, and has been since February 14, 2000.  Accordingly, counsel was aware, and should generally be aware, of the requirements of Rule 56. Plaintiff's late request for permission to supplement his response to the motion to dismiss does not indicate why the proper evidentiary support was not included in the original response to the motion. Because the Court cannot conceive of any reasonable basis for Plaintiff's failure to submit proper evidence to support his claim, the

---

[2]A single unsworn statement from a prisoner who allegedly viewed the incident was attached to Williams' response in opposition to summary judgment.

[3]The entirety of the objection is as follows:
> As Magistrate Judge Argo clearly noted, Plaintiff, in his Objection to Defendants' Motion to Dismiss, did not "submit any affidavits or depositions to dispute the facts set forth by the Defendants."  Report and Recommendation at 5.  It appears that the recommendation to dismiss is based solely on the lack of sworn statements.  Plaintiff, therefore, applies to the Court for leave to supplement his response to Defendants' Motion to Dismiss.

Court declines to permit Plaintiff to supplement his response at this late date.

On appeal, Williams asserts that the district court abused its discretion in denying him leave to supplement his response. As noted by the district court, however, Williams' counsel was specifically reminded of his evidentiary burden in responding to the defendants' motion for summary judgment and still failed to produce any admissible evidence to create a material issue of disputed fact. Furthermore, counsel offered no explanation to the district court as to the reason for this failing or what evidence he could adduce if given additional time. In these circumstances, we easily conclude that the district court acted well within its discretion in denying Williams' motion to supplement his response.[4]

Upon review of the parties' appellate pleadings and the entire record in this case, we conclude that the appeal is frivolous. Williams has not offered any reasoned legal basis for reversing the district court's denial of his motion to supplement or the district court's entry of summary judgment in favor of the defendants. This appeal is, therefore, **DISMISSED**. *See* 18 U.S.C. § 1915(e)(2)(B)(i). This court's dismissal pursuant to § 1915(e) counts as a strike for purposes of § 1915(g). Williams is reminded that if he accrues three strikes

---

[4]To the extent that Williams' brief could be read to assert that the ineffectiveness of his attorney should relieve him of this adverse judgment, his claim is clearly foreclosed by binding Tenth Circuit precedent. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

he will no longer be able to proceed *in forma pauperis* in any civil action unless he is under imminent danger of serious physical injury. *See id.* § 1915(g). Williams is further reminded that this court's dismissal of his appeal does not alleviate him of the responsibility to continue making partial payments toward the appellate filing fee until that fee is paid in full. *See* § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge