**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BENTLEY ENVIRONMENTAL
ENGINEERING, INC., a Delaware
corporation; TECHRAD
ENVIRONMENTAL SERVICES,
INC., an Oklahoma corporation,

       Plaintiffs-Appellees,

v.

STEVEN E. ESMOND, an individual,

       Defendant-Appellant.

No. 00-6176
(D.C. No. 99-CV-217)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Steven E. Esmond, appearing pro se, appeals from the district court's April 21, 2000 order denying sanctions and purports to appeal from the district court's January 11, 2000 administrative closing order. We have jurisdiction under 28 U.S.C. § 1291.

The district court closed this case on January 11, 2000, based on the representation of plaintiffs' counsel that a settlement and compromise had been reached. R. doc. 40. The closing order stated that the action would be deemed dismissed with prejudice if no party requested reopening within forty-five days. Id. No party requested reopening. Defendant filed a motion for sanctions under Federal Rule of Civil Procedure 11 on March 6, 2000, alleging that the complaint was baseless. The motion was denied on April 21, 2000.

Defendant's notice of appeal was filed on May 19, 2000, and his attempt to appeal the district court's January 11, 2000 closing order is therefore untimely. See Fed. R. App. P. 4(a)(1)(A). Moreover, due to defendant's inaction, the allegedly baseless complaint was deemed dismissed on February 25, 2000. As a result, defendant's motion for sanctions filed after the complaint was dismissed was filed too late.

We reject defendant's unsupported argument that his delay should be excused because he changed attorneys at that time and did not know that his case had been dismissed. Because this is a civil suit, defendant had no constitutional

right to the effective assistance of counsel. <u>MacCuish v. United States</u>, 844 F.2d 733, 735 (10th Cir. 1988). Being without an attorney for some period of time, or having communication problems with an attorney, therefore provides no excuse for his delay. The district court's orders were public records and defendant could have checked the status of his case for himself.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge