**James MOORE, Plaintiff–Appellant,**

v.

**David M. WALKER, in his official capacity as Comptroller General of the United States General Accounting Office, Defendant–Appellee.**

No. 01–1073.

United States Court of Appeals, Tenth Circuit.

Dec. 10, 2001.

Before HENRY, STEPHEN H. ANDERSON, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit

---

* This order and judgment is not binding prece-

dent, except under the doctrines of law of the

Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James Moore appeals from a jury verdict rendered in favor of his employer, the United States General Accounting Office (GAO), on his suit alleging violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213(ADA). Mr. Moore challenges the district court's refusal to instruct the jury that the GAO has an affirmative duty to act as a model employer. He also alleges the district court abused its discretion in the timing and method of appointing counsel to represent him. Finally, he claims that his appointed attorney provided ineffective assistance of counsel. Our jurisdiction arises under 28 U.S.C. § 1291. Because we find no reversible error in the jury instructions, no error with respect to the appointment of counsel and no merit to the ineffective assistance of counsel claim, we affirm.

## I.

Mr. Moore worked for the GAO as an evaluator, responsible for performing audits and evaluations of federal agencies. In October 1994, he asked his supervisor for permission to work at home four days a week on a permanent basis. He claimed he had suffered a closed head injury in a car accident seventeen months earlier and presented a letter from his physician stating that, while Mr. Moore could perform the full range of his essential job responsibilities, his performance would be enhanced by working at home to reduce distractions. The GAO did not grant Mr. Moore's request to routinely work at home, stating that his job duties required that he conduct most of his activities within the office. The GAO did allow Mr. Moore to use its existing "flexiplace" program, which permits employees to work at home for short periods of time on a task-by-task basis. In order to minimize work distractions, the GAO also provided Mr. Moore with a private office, rather than a cubicle, and allowed him rest periods during the day. The undisputed evidence presented to the jury demonstrated that Mr. Moore's supervisor attempted to give him tasks he could do at home as much as possible and that, by mid 1995, Mr. Moore was working at home eighty percent of the time.

Mr. Moore filed a discrimination complaint with the GAO's civil rights office in November 1994. In December 1994, Mr. Moore received a reprimand for refusing to follow a supervisor's directive and a counseling memorandum warning him his working relationships were unacceptable because of instances in which he had raised his voice and reacted in a hostile manner toward supervisors. In January 1995, Mr. Moore requested and received a six-month leave of absence. Upon his return to work, he filed his discrimination complaint in federal court. In October 1995, Mr. Moore received an annual performance review stating that his performance was unacceptable in several areas. In November 1995, he was given a ninety-day opportunity to improve his performance. Mr. Moore was terminated in March 1996 when his supervisors concluded that his performance had not improved.

In his complaint, as amended, Mr. Moore alleged that the GAO violated the ADA for failing to accommodate his

case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claimed disability. He also claimed that the GAO had retaliated against him for requesting an accommodation and filing his discrimination complaint. Mr. Moore, initially appearing *pro se,* filed a motion requesting the appointment of counsel under 42 U.S.C. §§ 12117(a) and 2000e–5(f)(1), which provide the court with discretionary authority to appoint an attorney for an ADA complainant. A magistrate judge initially denied the request, but the district court granted Mr. Moore's second request for the appointment of counsel based on new information regarding his indigence.

Following a six-day trial, the jury found that Mr. Moore had proven that he was a qualified individual with a disability, but that he had not proven that the GAO failed to provide him with a reasonable accommodation for his disability, that the GAO intentionally discriminated against him by taking adverse employment actions against him because of his disability, or that his exercise of his legal rights under the ADA had been a determining factor in the adverse employment actions taken against him.

## II.

### A.

■ On appeal, Mr. Moore first claims the district court committed reversible error by denying his tendered jury instruction stating that the GAO, as an agency of the federal government, was subject to a heightened affirmative duty to act as a model employer. "We review the district court's decision whether to give a particular instruction for an abuse of discretion." *Davoll v. Webb,* 194 F.3d 1116, 1131 (10th Cir.1999). "We review de novo whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *Id.* (quotation omitted). "Instructional er-

ror requires reversal only if the error is determined to have been prejudicial, based on a review of the record as a whole." *Id.* (quotation omitted).

■ Federal agencies covered by § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, are prohibited from discriminating against a qualified person with a physical or mental disability. Contained in the EEOC regulations implementing that statute is a provision stating that the federal government is to be a model employer of individuals with disabilities, and that agencies must give full consideration to the hiring, placement, and advancement of qualified individuals with mental and physical disabilities. 29 C.F.R. § 1614.203(b); *see also Woodman v. Runyon,* 132 F.3d 1330, 1343 (10th Cir.1997) ("It is well established both by the statutory language and Supreme Court decisions interpreting the [Rehabilitation] Act that federal employers have greater duties to accommodate disabled workers under section 501 than the duties owed by federal grantees under section 504 [of the Rehabilitation Act] or those owed by employers under the ADA.").

The "model employer" standard requires that:

(1) An agency shall make reasonable accommodation to the known physical or mental limitations of an applicant or employee who is a qualified individual with handicaps unless the agency can demonstrate that the accommodation would impose an undue hardship on the operations of its program.

(2) Reasonable accommodation may include, but shall not be limited to: (i) Making facilities readily accessible to and usable by individuals with handicaps; and (ii) Job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, appropriate adjustment or mod-

ification of examinations, the provision of readers and interpreters, and other similar actions.

29 C.F.R § 1614.203(c). *See also Woodman,* 132 F.3d at 1344 n. 14 (noting that "[t]he factors that must be considered in determining what is [a] 'reasonable' [accommodation] obviously differ as between federal and private employers" because " '[t]here is little to stop the federal government from expending considerable money and effort to become a model employer of handicapped individuals, when that is its chosen policy.' " (quoting Lex K. Larson, *Employment Discrimination,* § T106.44(a) (2d ed.1977))).

These regulations also expressly state, however, that § 501 of the Rehabilitation Act of 1973 does not extend protection to employees of the General Accounting Office. 29 C.F.R. § 1614.103(d)(1). Instead, an employee of the GAO is protected by the ADA. 42 U.S.C. § 12209(c)(4) (providing that the rights and protections provided under the ADA shall apply with respect to employment by "instrumentalit[ies] of Congress," including the GAO).

Because the regulation establishing the duty of the federal government to be a model employer, 29 C.F.R. § 1614.203(b), specifically excepts the GAO from its application, 29 C.F.R. § 1614.103(d), the district court refused to instruct the jury that the GAO had an affirmative duty to act as a model employer. Mr. Moore contends this was erroneous and that he was prejudiced by the jury not having been instructed in this regard. He contends that the

Rehabilitation Act, and therefore its implementing regulations, apply to the GAO because the General Accounting Office Personnel Act incorporates the Rehabilitation Act's prohibition on discrimination on the basis of disability. *See* 31 U.S.C. § 732(b)(2) (requiring that GAO personnel prohibit personnel practices prohibited by 5 U.S.C. § 2302(b) of the Civil Service Reform Act, which, in turn, prohibits supervisory employees from discriminating against any employee on the basis of a handicapping condition, as prohibited under section 501 of the Rehabilitation Act).[1]

█ We need not resolve this issue because, even assuming, *arguendo,* that Mr. Moore is correct that the GAO, as an agency of the federal government, is subject to a heightened duty to act as a model employer, we conclude that, upon review of the record as whole, any failure of the district court to so instruct the jury was harmless. "[T]he exclusion of one correct statement of law does not necessarily constitute error. Rather, 'the instructions as a whole need only convey a correct statement of the applicable law.' " *Nat'l Envtl. Serv. Co. v. Ronan Eng'g Co.,* 256 F.3d 995, 1004 (10th Cir.2001) (quotation omitted). "In considering the instructions on appeal, we take into account all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way." *Id.* (quotation omitted).

█ The jury was properly instructed that, to find for Mr. Moore, it must find

---

1. Mr. Moore also cites *Woodman,* in which this court stated that "[f]or federal employers ... nondiscrimination requires more than mere 'equal treatment' of disabled employees ... and encompasses an affirmative duty to meet the needs of disabled workers and to broaden their employment opportunities." 132 F.3d at 1337–38. We note, however, this quoted language directly refers only to the responsibility of a federal agency covered by

§ 501 of the Rehabilitation Act. *See id.* at 1338 n. 6 and 1339 n. 8 (cautioning that courts should be wary of applying cases interpreting federal grantees' duties of reasonable accommodation under § 504 of the Rehabilitation Act and private employers' duties under the ADA to cases brought under section 501, due to the heightened affirmative action duties placed upon federal employers under § 501).

that the GAO unreasonably failed to provide accommodations that were reasonable, available and would have allowed Mr. Moore to perform the essential functions of his job. A federal agency may be required to consider work at home as a potential form of accommodation. *See Langon v. Dep't of Health & Human Servs.*, 959 F.2d 1053, 1060–61 (D.C.Cir.1992). Here, the GAO did consider this form of accommodation; indeed, it permitted Mr. Moore to work at home under its "flexiplace" program and gave him tasks that permitted him to work at home as often as possible, even up to eighty percent of the time. Further, the GAO gave him a private office to minimize work distractions and allowed him rest periods. Mr. Moore's job responsibilities included interviewing people, gathering data, attending team meetings and collaborating with co-workers. The GAO properly concluded it could not accommodate Mr. Moore's request that he be allowed to permanently work at home without supervision four days a week because the essential tasks of his job could not be performed at home on such a full-time, permanent basis. Even a model employer need not accommodate such a request. *See Carr v. Reno*, 23 F.3d 525, 530 (D.C.Cir.1994). In short, it is clear from the evidence that the GAO did act as a model employer. Thus, reviewing the jury instructions and the record as a whole, we find no reversible error with respect to the jury instructions.

### B.

Mr. Moore next contends that the district court abused its discretion by not granting his first request for the appointment of counsel to represent him and by not supervising the selection of appointed counsel. Counsel was appointed for Mr. Moore two years prior to trial. The district court applied the correct legal standards with respect to the appointment of counsel under §§ 12117(a) and 2000e–

5(f)(1) and we find no abuse of its discretion.

### C.

Finally, Mr. Moore raises numerous arguments based on his assertion that the attorney appointed to represent him provided ineffective assistance of counsel. This is not a valid ground for appeal in a civil case. *See MacCuish v. United States*, 844 F.2d 733, 735–36 (10th Cir.1988). "[An] argument that ineffective assistance of counsel should relieve [a party] of an adverse judgment confuses [a] civil case with a Sixth Amendment-based claim for the re-trial of a criminal case." *Id.* at 735 (quotation omitted). Because there is no constitutional right to counsel in a civil case, the alleged incompetence of Mr. Moore's attorneys does not provide a basis for reversing the judgment. *See id.* at 735–36.

Mr. Moore's motion to supplement the record with documents not presented at trial is DENIED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.