**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY J. ROBINSON,

     Plaintiff - Appellant,

v.

SOUTHERN FOODS GROUP, doing
business as Meadow Gold Dairies,
named as Southern Foods Group, L.P.,

     Defendant - Appellee.

No. 02-1041
D.C. No. 00-WY-2513-CB
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

     Mary J. Robinson, pro se, appeals from summary judgment granted in favor

of Southern Foods Group ("Southern Foods") on her claims for racial

discrimination and retaliation brought pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000e et seq.  Reviewing the grant of summary

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

judgment de novo, and applying the same legal standard used by the district court, we affirm.   Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs. , 165 F.3d 1321, 1326 (10th Cir. 1999).

After carefully reviewing all the evidence, the district court granted Southern Foods's motion for summary judgment.  The court concluded that, even when viewed in the light most favorable to Robinson, and applying the more lenient standards allowed for pro se parties, Robinson's discrimination allegations were "unsupported conclusory accusations, supported by nothing more than a bare scintilla of evidence" and that she had failed to present any evidence demonstrating that the conduct complained of was motivated by racial animus. As to her retaliation claims, the court concluded that Robinson had not presented any evidence demonstrating that she had suffered an adverse employment action. On appeal, Robinson presents no cogent reason why the district court's orders should not be affirmed.  We have carefully reviewed the record and the parties' briefs.  For substantially the same reasons stated by the district court in its December 14, 2001 and January 17, 2002 orders, we conclude that summary judgment was properly granted in favor of Southern Foods.

Robinson implies on appeal that summary judgment should be reversed because of ineffective assistance of counsel.  We note, however, that an "argument that ineffective assistance of counsel should relieve [a party] of an

adverse judgment confuses [a] civil case with a Sixth Amendment based claim for the re-trial of a criminal case." MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988) (quotation omitted). Because there is no constitutional right to counsel in a civil case, the alleged incompetence of Robinson's attorneys does not provide a basis for reversing the judgment. Id. at 735–36.

Robinson makes a number of other arguments for the first time on appeal including allegations of violations of the Colorado Uniform Fraudulent Transfer Act. "This court will generally not address issues that were not considered and ruled on by the district court." Farmer's Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir. 1989). We therefore decline to address those arguments that Robinson makes for the first time on appeal.

We construe Robinson's filing of an "amended" brief as a motion to file a supplemental brief, and we grant the motion.

The judgment is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-