**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REINA G. RIVAS,

        Plaintiff–Appellant,

v.

US BANK, N.A.; RECONTRUST
COMPANY, N.A.,

        Defendants–Appellees.

No. 12-4044
(D.C. No. 2:10-CV-00897-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Reina Rivas filed a complaint raising several claims arising out of

Defendants' foreclosure on a rental property. More than a year after filing her complaint,

and in response to Defendants' motion for judgment on the pleadings, Plaintiff filed a

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to amend her complaint in order to include an allegation of "robo-signing." After hearing oral argument on the matter, the district court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's claims with prejudice. The court denied Plaintiff's motion for leave to amend because she failed to attach a proposed amended complaint and because "the proposed amendment as described in Plaintiff's brief and in Plaintiff's oral argument would be futile because the material terms of the purported contract that Plaintiff claims was breached remain open and Plaintiff's 'robo-signing' allegations are too vague." (R. at 132.) On appeal, Plaintiff does not elaborate on these vague robo-signing allegations, but simply argues that the district court should have considered them and permitted her to amend the complaint. She also argues we should reverse the district court's decision because her attorney failed to provide the district court with a document that allegedly would have proven her allegations.

After carefully reviewing Plaintiff's brief and the record on appeal, we see no error in the district court's decision. For substantially the same reasons given by the district court, we agree that Plaintiff's claims failed as a matter of law and that the proposed amendment would have been futile. As for Plaintiff's argument that the judgment should be reversed based on the alleged ineffective assistance of counsel, a litigant in a civil case is not entitled to relief from an adverse judgment based on her attorney's allegedly incompetent representation. *MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988).

The district court's judgment is therefore **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge