**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LARRY GORDON,

      Plaintiff-Appellant,

      v.

TOL SCOTT; MICHAEL LIND;
JEFFREY HIJAR; DARWIN
THORNTON; ELIZABETH TAPER,

      Defendants-Appellees.

No. 04-1058
(D. Colorado)
(D.C. No. 97-RB-1743(CBS))

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to decide this case on the briefs without oral argument. *See* FED. R.

APP. P. 34(a) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted

without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Larry Gordon appeals the jury verdict against him, contending (1) ineffective assistance of counsel, (2) improper jury instructions, and (3) due process violations resulting from perjured testimony and new evidence. We reject Mr. Gordon's appeal, holding that (1) he is not entitled to effective assistance of counsel in a civil case; (2) the jury instructions did not raise any plain error; and (3) Mr. Gordon can not show prejudice or a due process violation for the alleged perjured testimony.

## I. BACKGROUND

Larry Gordon, an inmate at the Limon Correctional Facility ("LCF"), brought this suit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Mr. Gordon alleged that in 1997, LCF kitchen workers dropped some meat on the floor, picked it up, washed it off, reheated it, and served it to Muslim inmates during Ramadan. When Mr. Gordon attempted to alert other inmates not to eat the meat, Michael Lind, who was a correctional officer assigned to work in the kitchen, allegedly threatened to write him up for a facility disruption. Mr. Gordon exhausted the grievance process, and he alleged that Officers Hijar and Thornton (also on kitchen assignment) labeled him a "rat" and a "buster" in front of other inmates. He also alleges that the defendants attempted to instigate other inmates who were members of the "Rolling 30 Crips" gang to attack him. Finally, Mr.

Gordon alleged that defendant Elizabeth Taper, who was his case manager, revoked a portion of his good time credits in retaliation for his filing grievances.

The district court dismissed several of Mr. Gordon's claims, and only two claims against five defendants went to trial before a jury: (1) an Eighth and Fourteenth Amendment claim against defendants Scott, Lind, Hijar, and Thornton for allegedly releasing information regarding Mr. Gordon's criminal convictions to other inmates, and referring to him as a "rat" in front of other prisoners, and (2) a Fourteenth Amendment claim against defendant Taper for allegedly revoking Mr. Gordon's good time credits without a hearing. The jury decided these two claims in favor of the defendants.

Mr. Gordon, proceeding pro se, appeals the jury verdict. He alleges (1) violation of his Sixth Amendment right to effective assistance of counsel, (2) improper jury instructions and (3) that new evidence and/or the presentation of perjured testimony warrants a new trial. We reject each of these claims and affirm the jury verdict.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

The district court appointed attorney Michael Anderson to represent Mr. Gordon in the proceeding below. To the extent Mr. Gordon claims he was denied his constitutional right to effective assistance of counsel at trial, this right does

not apply to civil trials.  *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).  Mr. Gordon's remedy for any alleged incompetence by his counsel is through a malpractice action against counsel, not through any relief from the judgment in this case.  *Id.* at 735-36.

**B. Jury Instructions**

Mr. Gordon next contends that the district court's instructions were prejudicial in a variety of ways, including their purported omission of references to deliberate indifference, the duty to protect prisoners, the individual and official capacity of the defendants, danger creation, retaliation, and the omission of an instruction regarding his theory of the case.

Mr. Gordon's counsel did not object to the proffered instructions. Reviewing the jury instruction under a plain error standard, we affirm the substance of jury instructions.  *See United States v. Fabiano,* 169 F.3d 1299, 1302 (10th Cir.1999) ("We review a jury instruction ... for plain error when no objection was made [at trial]."). "Under that standard, we will affirm unless the instructions were patently, plainly erroneous and prejudicial." *Greene v. Safeway Stores, Inc.,* 210 F.3d 1237, 1245 (10th Cir. 2000) (internal quotation marks omitted).  We do not review any particular instruction in isolation; rather, we "must view the [jury] instructions in their entirety. . . ." *Coleman v. B-G Maint. Mgmt. of Colo., Inc.,* 108 F.3d 1199, 1202 (10th Cir. 1997).  We have reviewed

the stipulated jury instructions, Mr. Gordon's proposed jury instructions, the defendants' proposed jury instructions, and the substance of Mr. Gordon's nearly incomprehensible suggestions for instructions in this appeal. The district court's instructions were not prejudicial and there was no plain error.

### 3. Perjured Testimony and/or New Evidence

Mr. Gordon contends that the defendants presented perjured testimony that prejudiced him. He maintains that Officer Scott's testimony that he saw Officer Lind throw the tainted meat into the trash was false because Officer Scott did not work on the day in question. He also suggests that Officer Hijar stated he was on "roving" patrol, but in fact Officer Hijar was only "working side one." Aplt's Br. att. 2 at (I). Thus, surmises Mr. Gordon, "all of the officers and their attorney used false testimony, and abused process, . . . violating . . . the due process clause." *Id.* at (I)-(II). Mr. Gordon does not explain how the above testimony might have influenced the jury's verdict, nor does he identify any newly discovered that might be relevant to this case.

We are unable to review Mr. Gordon's perjured testimony claim on appeal because he did not provide a trial transcript. *See* FED. R. APP. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.").

Similarly, without more, we are unable to address the "new evidence" claim. *See also* FED. R. CIV. P. 60(b)(2) (party may seek relief from final judgment if it has newly discovered evidence which due diligence would not have uncovered).

Finally, we note that in his reply brief, Mr. Gordon raises new yet conclusory allegations for the first time. He alleges that since 1994, he has been "subjected to torture of sleep deprivation, death threats, brainwashing, intimidation, each and every night when [he] was tring [sic] to slepp [sic] in these cells," and that he "was singled out for this treatment" because of his race. Reply Br. at (II). Particularly in light of Mr. Gordon's failure to provide sufficient factual support for these claims, we decline to consider them. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (conclusory factual allegations by pro se litigant are insufficient to state a claim on which relief can be based); *United States v. Mitchell*, 783 F.2d 971, 975 (10th Cir. 1986) (issues not raised before district court generally will not be considered on appeal).

## II. CONCLUSION

For the reasons stated, we AFFIRM the district court's judgment. We deny Mr. Gordon's motion to reopen the district court's judgment, and his motion requesting the appointment of counsel. We also deny Mr. Gordon's motion to proceed in forma pauperis as moot because the district court already granted such

-6-

a motion. We remind Mr. Gordon that he is still obligated to make partial payments until the entire balance of the appellate filing fee has been paid.

Entered for the Court,

Robert H. Henry
Circuit Judge