FILED
United States Court of Appeals
Tenth Circuit

**January 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOMMIE SMITH,

      Plaintiff-Appellant,

v.

SERGEANT VIRGIL NICHOLS,

      Defendant-Appellee.

No. 12-1029
(D.C. No. 1:09-CV-01139-MSK-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

---

Plaintiff-Appellant Tommie Smith, an inmate in the custody of the Colorado

Department of Corrections ("CDOC"), appeals a jury verdict denying his claims under 42

U.S.C. § 1983 against Defendant-Appellee Sergeant Virgil Nichols, a CDOC correctional

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officer.[1]  The jury concluded after a four-day trial that Smith had not proved by a preponderance of the evidence that Sgt. Nichols violated Smith's Eighth Amendment rights by using excessive force against Smith.  Construing Smith's pro se brief liberally as we must, Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009), we identify four issues Smith raises on appeal: (1) that there was insufficient evidence to support the jury's verdict in favor of Sgt. Nichols; (2) that the court improperly instructed the jury regarding the law under the Eighth Amendment; (3) that pictures of his injuries were improperly excluded from evidence; and (4) that the jury should have received an adverse-inference instruction on spoliation of the evidence.[2]  We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

First, Smith argues that the jury's verdict is not supported by the evidence presented at trial.[3]  "[T]he verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."  Anaeme v. Diagnostek, Inc., 164

---

[1]  The district court granted Smith's Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (motion to proceed in forma pauperis).

[2]  Smith also complains that his counsel failed to adequately investigate all of Smith's grievances against Sgt. Nichols.  Liberally construing Smith's pro se brief, we understand this claim to be one for ineffective assistance of counsel.  However, in a civil case there is no constitutional right to counsel under the Sixth Amendment; the appropriate remedy for such a claim is a malpractice suit.  MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988).  Accordingly, we reject this claim.

[3]  Smith argues variously that the officers who testified against him had motive to lie and testified untruthfully, that the testimony against him was inconsistent, and that the jury was unfairly influenced by the officers' positions of authority.  We construe these claims as challenges to the sufficiency of the evidence supporting the jury's verdict.

2

F.3d 1275, 1284 (10th Cir. 1999) (internal quotation marks omitted). This is because "[t]he jury . . . has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." United Phosphorous, Ltd. V. Midland Fumigant, Inc., 205 F.3d 1219, 1226 (10th Cir. 2000). "The 'core inquiry' for an Eighth Amendment excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Serna v. Colorado Dept. of Corr., 455 F.3d 1146, 1152 (10th Cir. 2006) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Ample evidence introduced at trial supports the jury's verdict. The teacher of Smith's GED course testified that on the day of the incident, Smith had been so disruptive that she had him removed from class. The removing officer testified that he called for backup after Smith, "a rather large guy," refused to comply with orders. The backup officer testified that after a momentary period of acquiescence, Smith again became agitated, causing the shift commander to order Smith's removal from population. In addition to Sgt. Nichols, five correctional officers who witnessed the incident testified that Smith refused to submit voluntarily to the routine strip search accompanying removal from population; that restraints were employed because of Smith's refusal to cooperate; and that the force applied by Nichols to restrain Smith was necessary and not excessive. Finally, the nurse who examined Smith following the incident testified that she was only able to verify an abrasion on Smith's head and a cut on his upper lip. Smith contests this

3

version of the events,[4] but we cannot say the jury's decision was "overwhelmingly against the weight of the evidence." Anaeme, 164 F.3d at 1284. Accordingly, we reject this claim.

Second, Smith argues that the jury "did not understand [] the meaning of unnecessary and wanton infliction of pain." Aplt. Br. at 4. We construe this as a contention that the jury was not properly instructed as to one of the elements of Smith's Eighth Amendment claim. Because Smith did not object to the instructions at trial, we review the instructions the jury received for plain error, United States v. Fabiano, 169 F.3d 1299, 1302 (10th Cir. 1999), which means that we will not reverse on this ground unless the instructions given were "patently plainly erroneous and prejudicial." Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1054 (10th Cir. 1988).

We find no plain error on the ground Smith asserts. "A judge has substantial discretion in formulating the instructions, so long as they are correct statements of the law and adequately cover the issues presented." United States v. Heckard, 238 F.3d 1222, 1231 (10th Cir. 2001) (internal quotation marks omitted); United States v. Hoffner, 777 F.2d 1423, 1426 (10th Cir. 1985). The jury received the following instruction on the

---

[4] Smith acknowledges his initial noncompliance, but he claims that once he was cuffed and secured with restraint chains he began to cooperate and informed the officers about several medical conditions, including prior head trauma and breathing problems. He claims that in spite of his cooperation, Sgt. Nichols slammed him into the ground, drove a knee into his back, and hit him in the ribs, which caused Smith to lose a tooth cap, bleed from his mouth, urinate on himself, lose consciousness, and have a seizure. The nurse's report only verified Smith's superficial injuries, and none of the other witnesses corroborated this version of the events.

4

meaning of "unnecessary and wanton":

> To determine whether a prison official's use of force was unnecessary and wanton—that is, the use of force was malicious and sadistic rather than used in good faith to maintain or restore discipline—you may consider the following factors:
> (1) What was the need for the use of force?
> (2) What was the relationship between the need and the amount of force used?
> (3) What was the threat to the safety of staff or prisoners as reasonably perceived by the responsible officials?
> (4) Were any efforts made to temper the severity of a forceful response?"

Doc. 195 (Trial Transcript) at 689-90. These instructions were proper and consistent with the law. See Hudson, 503 U.S. at 7; Whitley v. Albers, 475 U.S. 312, 320-21 (1986); United States v. LaVallee, 439 F.3d 670, 684-86 (10th Cir. 2006); see also United States v. Almaraz, 306 F.3d 1031, 1037 (10th Cir. 2002) ("We presume jurors attend closely to the language of the instructions in a criminal case and follow the instructions given them."). Thus, we reject Smith's claim that the jury was improperly instructed.

Third, Smith alleges that photographs of his injuries, which he claims were taken by a correctional officer following the incident, were improperly excluded from evidence. Smith sought in several discovery motions to obtain these photographs, but Sgt. Nichols maintained that no such photographs were taken. D. Ct. Doc. 104 (Response to Plaintiff's Motion to Compel) at 1-2 ("Defendant provided in discovery the photographs in existence which relate to the alleged incident."). The magistrate denied Smith's requests, noting that "[t]he defendant cannot be compelled to produce photographs that do not exist." D. Ct. Doc. 106 at 3. At trial, the officer who Smith alleges took the

5

photos testified under oath that he did not take any pictures after the incident. Accordingly, we reject this claim.

Finally, Smith argues that two items of evidence—his bloody clothes and the chain used to restrain him—"should [have] be[en] save[d], and use[d] for court." Aplt. Br. at 2. We construe this liberally as a claim that the district court erred when it denied Smith's request, based on Nichols's inability to produce that evidence, for a jury instruction on spoliation. "[C]ourts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction." Henning v. Union Pac. R. Co., 530 F.3d 1206, 1220 (10th Cir. 2008). We review a district court's finding on bad faith for clear error, Turner v. Pub. Serv. Co. of Colorado, 563 F.3d 1136, 1149-50 (10th Cir. 2009), and its decision to give or refuse an adverse-inference instruction for an abuse of discretion. Gilbert v. Cosco Inc., 989 F.2d 399, 406 (10th Cir. 1993).

We find no abuse of the court's discretion in its refusal to instruct the jury on spoliation. The district court ruled at the charge conference that "the evidence [was] insufficient to show bad faith" by Sgt. Nichols, Doc. 195 at 671, because it did not show that Nichols was aware that "there was going to be a lawsuit brought against him in his individual capacity as compared to a lawsuit brought against the [CDOC]." Doc. 195 at 671. Smith's counsel pointed to a single piece of evidence, that "Smith . . . specifically says that he had contacted the Logan County District Court Clerk to place and file a restraining order against Sergeant Nichols specifically," but the court responded that a restraining order, which is a "prospective request, not a retrospective claim," was

6

insufficient to put Nichols on notice of a future § 1983 suit against him.  Doc. 195 at 672-73.  Smith points to no additional evidence in the record that would show Sgt. Nichols acted in bad faith, and though we construe his pro se brief liberally, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, we reject Smith's final claim.

AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

7