FILED
United States Court of Appeals
Tenth Circuit

June 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DALE P. ARMELIN,

     Plaintiff - Appellant,

v.

PATRICK R. DONAHOE, Postmaster
General, United States Postal Service,

     Defendant - Appellee.

No. 14-1373
(D.C. No. 1:11-CV-00048-MSK-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Dale P. Armelin appeals from the judgment in favor of his employer, the

United States Postal Service (USPS), in his suit under Title VII of the Civil Rights

Act of 1964. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Armelin asserted a discrimination claim and two retaliation claims. The

district court dismissed the discrimination claim and one retaliation claim, while the

other retaliation claim proceeded to a jury trial. Although Armelin had acted pro se

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for most of the litigation, the district court appointed counsel to represent him at trial. The jury found in favor of the USPS.

On appeal, Armelin again proceeds pro se and presents two arguments: (1) the district judge and the magistrate judge were biased against him, and (2) his appointed trial counsel was ineffective. The USPS contends that Armelin forfeited his arguments by failing to raise them in the district court, and therefore they should be reviewed only for plain error.

This court generally does not consider arguments not raised in the district court. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). We agree with the USPS that Armelin failed to preserve his arguments for appeal; he asserted them only conclusorily in a post-judgment motion—a motion Armelin failed to refile after the the district court denied it for failure to comply with a local rule. When a party forfeits an argument by failing to raise it, we may review for plain error. *Id.* at 1128. But Armelin has not argued for plain-error review, and that failure acts as a waiver in this court. *See id.* at 1131.

In any event, plain-error review would provide no relief even absent waiver, because there was no error, much less an error that was plain. *See id.* at 1128 (listing plain-error elements). To support his bias allegations, Armelin points to the district judge's decision granting in part a defense motion in limine and to the magistrate judge's decision granting a defense motion to quash certain subpoenas. But it has long been the rule that adverse rulings generally are insufficient to establish bias or require recusal, *see Liteky v. United States*, 510 U.S. 540, 555

2

(1994); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993); *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (per curiam), and this case is not the rare exception to that rule. Armelin's allegations about counsel's performance also lack merit as it is well-established that Title VII litigants have neither a statutory nor a constitutional right to counsel. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (Title VII); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (Sixth Amendment). That being the case, "[c]ounsel's performance, however deficient, would not . . . form the basis for reversal of the trial court." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (per curiam); *see also MacCuish*, 844 F.2d at 736 (stating that counsel's "incompetence provides no basis for granting [plaintiff] a new trial").

The judgment of the district court is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge

3