# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 16-7043**                    **September Term, 2015**

**1:12-cv-01420-ABJ**

**Filed On:** August 22, 2016

Theodore Berry,

       Appellant

   v.

Coastal International Security, Inc.,

       Appellee

**BEFORE:**    Tatel, Srinivasan, and Millett, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). With respect to appellant's discrimination claims, the court properly determined appellant failed to produce sufficient evidence for a reasonable jury to find that appellee's asserted non-discriminatory reason was not the actual reason for its personnel actions and that appellee intentionally discriminated against appellant. See Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008). The same is true of appellant's retaliation claims: appellant failed to provide sufficient evidence to demonstrate that the actions about which he complains were taken in retaliation for protected activity. See Jones v. Bernanke, 557 F.3d 670, 677 (D.C. Cir. 2009). Finally, although appellant argues his district court counsel was ineffective, appellant is bound by his attorney's actions, see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993), and counsel's deficient performance is not a ground for relief in a civil employment discrimination case, cf. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (inmate civil rights case); MacCuish v. United States, 844 F.2d 733, 735-736 (10th Cir. 1988) (medical malpractice case).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 16-7043**                                **September Term, 2015**


      The Clerk is directed to publish this order.  The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## Per Curiam


      FOR THE COURT:
      Mark J. Langer, Clerk

    BY:   /s/
          Michael C. McGrail
          Deputy Clerk